# SUPREME JUDICIAL COURT,

FOR THE

## EASTERN DISTRICT.

## 1860.

---

## COUNTY OF PENOBSCOT.

---

BANGOR, OLDTOWN & MILFORD R. R. Co. *versus* THOMAS SMITH.

The prevention of the doing an unauthorized and unlawful act does not constitu'e a good cause of action, on the part of the incipient wrongdoer, who is interfered with in the commission of his intended offence.

The plaintiffs, a railroad corporation, brought a special action on the case against the defendant, for preventing their constructing a branch track across a public highway, where they were not legally authorized so to construct it: — *Held,* that the action was not maintainable; that, if the defendant wrongfully entered upon the land of another to prevent the construction of such branch railway, he would be liable to the owner in an action of trespass therefor; and that he was not liable in case to the railroad corporation for merely preventing their violating the law.

If plaintiffs fail to establish their right as set forth in their writ, they will not be allowed to amend, by making a different description of their cause of action, so that they may recover nominal damages.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

THIS was an action on the case, which this Court has before had under consideration: — *vide* 47 Maine, p. 34.

The plaintiffs introduced evidence to prove, and the witnesses testified, that, at the time alleged in the writ, the plaintiffs' employees were proceeding under the direction of

their President, to build or construct a branch track of their road over the land of Samuel Veazie, in Oldtown, with his consent, he being at the time President; that while so engaged on the land of said Veazie, this defendant, with a large number of other men, resisted their further proceedings, and continued their opposition so long that they finally abandoned their work, and never afterward resumed it.

It also appeared from plaintiffs' testimony, that their intention, at the time, was to construct a track across the public highway on a curved line, such as this Court, in this case, have decided, (47 Maine, 34,) they had no right to construct; that the only purpose of the persons so engaged was to extend the track across the road, and the only object of the defendant, and other citizens of Oldtown, was to resist the laying across the road; that no question was made at the time, whether they were on Veazie's land or not, and that plaintiffs' object was not to build merely on Veazie's land to the street, unless the track could be carried across said street—which the defendant, as a citizen of Oldtown, resisted.

Notwithstanding the decision, the plaintiffs now claim damages for being prevented from building said road or constructing the track upon the said Veazie's land, although they had no right to continue it across the road, the track in such case being capable of being used as a side track.

The presiding Judge being of opinion that the action could not be sustained to recover such damages, the case was taken from the jury and continued, on report, with the agreement, that if the action cannot be sustained, a nonsuit is to be entered, otherwise, the action should stand for trial.

The plaintiffs moved for leave to amend their writ, if, under the foregoing facts, any action can be sustained, so as to make it conform to their rights.

The case was argued by

*A. W. Paine*, for the plaintiffs, and by

*J. A. Peters*, for the defendant.

The opinion of the Court was drawn up by

APPLETON, J.—The plaintiffs, a corporation established by the law of this State, undertook to construct a branch track of their railroad across the public highway in Oldtown. The defendant, with others, denying the right of the plaintiffs to construct the branch track as claimed by them, interfered and prevented the laying down of the same. For this interference, the plaintiffs have brought a special action on the case, setting forth their right to construct such branch track, and the doings of the defendant, by which they were prevented from constructing it.

When this case was before under consideration, the Court held that the plaintiffs, not having brought themselves within the provisions of the law, could not legally construct the branch track in the way and manner proposed by them.

The branch track described in the plaintiffs' writ, and to which all the evidence relates, crosses the public highway. The branch is an unit. The plaintiffs were desirous of and had commenced the building the track as a whole—the writ alleges no intention of building a part of the same. They were undertaking to build *the branch track*. They had no right so to do. Undertaking what by law they were not authorized to do, and what, if done, would have been the proper subject of an indictment, they were prevented by the defendant from executing their unlawful purpose.

The action, then, is one in which the plaintiffs claim damages because they were prevented from doing an illegal act, and for which, if done, those engaged in its commission would have been criminally punishable. It is difficult to perceive how the prevention of an offence constitutes a valid cause of action on the part of the would be offender, who is interfered with in the commission of his intended offence. It is still more difficult to understand how any damages can have been sustained by reason of such interference.

But it is insisted that the defendant's interference took place before the plaintiffs reached the highway over which they were about laying their track. But this does not alter

the case. The branch track would be utterly useless if not laid its whole length. The plaintiffs had no intention of laying it a part of the way. The grievance complained of is the not being permitted to lay *the branch track*, not an useless portion of the same. The defendant had no objection to the laying of part of the track so long as it did not interfere with the public highway; and the case shows that the building the track across the highway was the sole matter in dispute.

The plaintiffs' writ, coupled with the facts admitted in the case, negatives the plaintiffs' right to recover. It alleges that the track in question was "legally and properly located and established by consent of the owner of the land over which it was so established and laid out, and fully confirmed and approved by the County Commissioners of said county of Penobscot, in a proper and legal manner." But it has been determined that the track in controversy has not been legally located and established, and that the plaintiffs had no legal right to construct the same as they proposed to do.

The claim for damages as set forth in the second count is, that "by reason of such unlawful proceeding of the defendant as aforesaid, the plaintiffs have wholly lost all right and power to hold said road, and are therefore without right and power to finish said road and to enjoy the benefits thereof; but, on the contrary, are daily ever since, and ever must be hereafter, subjected to great additional expense and trouble, as well as danger, to pass their cars and trains from the mills on their track, and thus to Bangor," &c. In the first count, the damages are set forth as having arisen from the defendant's "having prevented the plaintiffs resuming and finishing said track until the full time had expired within which the plaintiff company had right or authority to complete or construct said road," &c. The damages are alleged to follow from an interference by the defendant with the plaintiffs, in the enjoyment of certain rights, particularly that of building the branch track. But as the plaintiffs had no legal right to construct and complete the branch track, as

they claimed to do, they cannot have sustained any loss from that special cause, and having lost nothing, they have set forth no ground for having damages awarded them.

The plaintiffs having failed to establish their right, as set forth, now ask for leave to amend their writ by making a different description of their cause of action, so that thereby they may recover nominal damages. This they should not be permitted to do. A new trial will not be granted to enable a party to recover nominal damages. *Jenney* v. *Delesdernier*, 20 Maine, 183. Neither should an amendment be allowed for any such purpose. The right to lay the branch track was asserted by the plaintiffs and denied by the defendant. It was the only question at issue between these parties. The plaintiffs attempted what they were not authorized to do and the defendant resisted, and the Court affirmed the propriety of that resistance.

If the defendant entered wrongfully on the land of Gen. Veazie and there prevented the further prosecution of the plaintiffs' undertakings, it may be a trespass for which he would be liable to the owner of the soil, but such is not the subject of this suit, nor is this an action of trespass.

If the defendant violently interfered with the laborers in the plaintiffs' employ, before the branch track they were laying had reached the public highway, he may be liable to them, severally, for any assault he may have committed, but the declaration in this case discloses no such cause of action.

The prevention of the doing an unlawful and unauthorized act does not, *per se*, constitute a good cause of action on the part of the would be and incipient wrongdoer,—and that is the whole of the plaintiffs' case.    *Plaintiffs nonsuit.*

TENNEY, C. J., CUTTING, MAY and KENT, JJ., concurred. RICE, J., did not concur.