, MAGGIE O'MALLEY

v.

CHICAGO CITY RAILWAY COMPANY.

*Street Railway Companies—Negligence of—Personal Injuries—Evidence—Damages—New Trial.*

A plaintiff not entitled to recover at all, has no right to have a verdict for the defendant set aside, nor one in his own behalf, because the damages are less than the pecuniary injury.

[Opinion filed July 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. FRANK H. CULVER, for appellant.

Mr. WILLIAM J. HYNES, for appellee.

GARY, J. The appellant obtained a verdict against appellees upon her own unsupported testimony, in conflict with

that of two disinterested witnesses, as to her right to recover at all, upon the charge that she had sustained personal injuries by their negligence, but the jury gave her only $100. She moved for a new trial because the damages are inadequate.

It may be conceded that the action of the jury was inconsistent, but the concession would furnish no consistent reason for inconsistency in the action of the court. If this case had come here with the reasons of the judge of the Superior Court for denying the new trial, stating that he would grant it on the authority of Peaslee v. Glass, 61 Ill. 94, if the defendant would apply for it, but that on the application of the plaintiff he could not grant it, as she had already more than she was entitled to, could this court, which as to verdicts, has authority only to correct errors of the court, say that such decision was error? And that is what this record, by fair inference, says. A plaintiff, not entitled to recover at all, has no right for any reason to have a verdict for the defendant set aside. Garland v. C. & N. W., 8 Ill. App. 571; nor one in his own or her own favor, because the damages awarded are less than the pecuniary injury. Hubbard v. Mason City, 64 Iowa, 245.

*Judgment affirmed.*