EVERETT JOHNSON *vs.* WALTER G. FRANKLIN.

IDA FALASKO *vs.* WALTER G. FRANKLIN.

HULDA JOHNSON *vs.* WALTER G. FRANKLIN.

First Judicial District, Hartford, October Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 8th—decided November 7th, 1930.

*Samuel Rosenthal,* with whom was *George Marantz,* for the appellants (plaintiffs).

*Ralph O. Wells,* for the appellee (defendant).

WHEELER, C. J. On July 18th, 1929, the plaintiffs were gratuitous guests in a car driven by Meade in a southerly direction on Narragansett Avenue and approaching the intersection of this avenue with the State highway known as Route No. 333, while the defendant was operating an automobile in an easterly direction on Route No. 333 and approaching the same intersection. The cars collided within the intersection of these streets; as a consequence the plaintiffs suffered severe injuries. Verdicts were rendered for the plaintiffs: For Hulda Johnson $573.25; for Everett Johnson $240.57, and for Mrs. Falasko $142.

In each case the plaintiff moved to set aside the verdict because of the inadequacy of the damages awarded; the court denied these motions. The verdict in each case was for the exact amount of the special damages proved and with no allowance for the pain or the physical injuries suffered which were substantial. If the plaintiffs were entitled to recover damages for their injuries the verdicts are manifestly inadequate and should have been set aside, for the same rule governs upon an application for a new trial in the case of an inadequate award as in the case of an excessive award. *Black* v. *Griggs,* 74 Conn. 582, 51 Atl. 523; *McCann* v. *McGuire,* 83 Conn. 445, 447, 76 Atl. 1003.

The trial court held that the verdicts were inadequate but further held: "If upon a careful consideration of all of the evidence, it does not appear that the plaintiff is entitled to have a recovery for substantial damages, as we think the jury in this case may very reasonably have found, under all of the facts adduced, the court should not set the verdict aside, but rather treat an award of nominal damages for the plaintiff in the nature of a verdict for the defendant." Chiefly upon the ground that the court would have set the verdicts aside had they been for any substantial

amounts it refused to set them aside. The court was in error in treating or regarding these verdicts as nominal. They were substantial. "Nominal damages mean no damages. They exist only in name and not in amount." *Michael* v. *Curtis,* 60 Conn. 363, 369, 22 Atl. 949; *Brennan* v. *Berlin Iron Bridge Co.,* 72 Conn. 386, 389, 44 Atl. 727. The defendant does not appeal, he prefers to pay the damages awarded rather than try the cases again. Where the damages awarded are nominal and the verdict should have been against the prevailing party the verdict will not be set aside. "A plaintiff, not entitled to recover at all, has no right for any reason to have a verdict for the defendant set aside; *Garland* v. *Chicago & N. W. Ry. Co.,* 8 Ill. App. 571; nor one in his own . . . favor, because the damages awarded are less than the pecuniary injury. *Hubbard* v. *Mason City,* 64 Iowa, 245." *O'Malley* v. *Chicago City Ry. Co.,* 33 Ill. App. 354, 355. See also *Fulmele* v. *Forrest,* 4 Boyce (27 Del.) 155, 86 Atl. 733; *Copeland* v. *Junkin,* 198 Iowa, 530, 199 N. W. 363; *Bangor, Oldtown & Milford R. Co.* v. *Smith,* 49 Me. 9, 13; *Colbert* v. *Callaham & Sons,* 132 Va. 475, 479, 112 S. E. 756; *Pioneer Mining Co.* v. *Bannack Gold Mining Co.,* 60 Mont. 254, 266, 198 Pac. 748; *Hubbard* v. *Mason City,* 64 Iowa, 245, 248; *Haven* v. *Missouri R. Co.,* 155 Mo. 216, 230, 232, 55 S. W. 1035.

A frequently expressed reason for the rule is that the court should treat "an award of nominal damages for the plaintiff in the nature of a verdict for the defendant." A sounder reason is that a new trial should not be granted where the plaintiff ought not to prevail and the defendant does not complain of the verdict. The expense to the State, the burden put upon the court to retry the case and the absence of evidence of actionable negligence remove the basis for the exercise of the court's discretion in granting to a plaintiff

a new trial in a case where the damages awarded are nominal.

A like rule exists and for like reasons where the ground for setting aside a verdict is the inadequacy of damages and the case is one in which upon a new trial substantial damages should not be awarded. In *Lambert* v. *Kamp,* 101 Cal. App. 388, 392, 281 Pac. 690, the plaintiff obtained a verdict of $300 for the death of his intestate where the special damages amounted to $235. The plaintiff moved for a new trial on the ground of inadequacy of the damages. On the appeal by the plaintiff from the denial of the motion the court said: "If the record is such, and we believe it to be so here, as to justify the trial court in concluding that the party asking for a new trial had totally failed in his primary proof of negligence and was therefore entitled to nothing, clearly there could be no abuse of discretion should the court deny such party a second attempt to recover something to which he was not entitled. The real aggrieved party in such case is the party against whom the verdict, even though small, was rendered. If he makes no complaint, certainly the prevailing party can not be heard to complain." In *Maki* v. *St. Luke's Hospital Asso.,* 122 Minn. 444, 447, 142 N. W. 705, the court says: "It is a well recognized principle that where a new trial would be ineffectual to obtain substantial relief, it may be denied, although technical grounds for granting it may exist. 29 Cyc. 1013. This is such a case. There can be no useful purpose subserved by granting a new trial to plaintiff, if the result of it must be a judgment for defendant." See also *Young* v. *Great Northern Ry. Co.,* 80 Minn. 123, 125, 83 N. W. 32; *Batt & Co., Ltd.,* v. *Earle,* 164 N. Y. App. Div. 228, 231; *Corn Novelty Co., Inc.* v. *Norwich Union Fire Ins. Soc., Ltd.,* 176 N. Y. App. Div. 261; *Reading* v. *Texas &*

*P. Ry. Co.,* 4 Fed. 134, 135; *Lovett* v. *Chicago,* 35 Ill. App. 570; *O'Malley* v. *Chicago City Ry. Co.,* 33 Ill. App. 354, 355; 29 Cyc. 847; 46 Corpus Juris, 210, and cases cited.

The rule of law upon which the trial court rested its decision is supported by the weight and number of the authorities and is a sound rule of law. To make the rule applicable it must appear that the trial court was correct in holding that: "Had verdicts for any substantial amounts in these cases been returned for the plaintiffs, upon motion to set aside by the defendant, I should have felt in duty bound to set aside such verdicts."

We have examined the evidence with care. It presents at best a case of a conflict in the evidence. The evidence supporting the defendant's case cannot be said to be so clear and convincing as to permit us to hold, as matter of law, that the trial court would have been required, in the exercise of its reasonable discretion, to set these verdicts aside upon motion of the defendant. It follows that if the plaintiffs were entitled to verdicts those rendered were manifestly inadequate and the motion to set them aside should have been granted.

There is error and a new trial is ordered.

In this opinion the other judges concurred.