[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR ADDITUR, AND MOTION TO SET ASIDEVERDICT AND FOR NEW TRIAL
This case arose out of a collision between the plaintiff's bicycle and the defendant's motor vehicle, in which the plaintiff claims injuries, consisting of a broken fibula, caused by the negligent operation of the motor vehicle by the defendant, Lucy Somma.
In the trial to a jury, the plaintiff claimed medical expenses of $1,648.79, and the cost of bicycle repair in the amount of $111.25, for total economic damages of $1,760.04. The jury rendered a verdict for the plaintiff, and in its verdict form found economic damages of $1,787.04[1], zero non-economic damages, and comparative negligence of 50%, for a verdict of $893.52[2].
The plaintiff has filed motions for additur, to set aside the verdict, and for a new trial. He assigns the same reasons in each of the motions, that (1) the verdict is contrary to law; (2) the award of non-economic damages is against the evidence; and (3) the verdict is inadequate.
The facts relevant for the disposition of these motions can be summarized as follows.
On July 5, 1994 the plaintiff, an eleven year old boy, was injured while riding his bicycle when it collided with a motor vehicle operated by the defendant Lucy Somma. At the time of the accident, both parties were travelling in a northerly direction on East Rocks Road in Norwalk. The evidence was conflicting as to how the collision occurred. It is uncontested, however, that as a result of the accident the boy fell from his bicycle and suffered a broken fibula, incurring medical expenses of $1,648.79 as a result. The defendant also did not contest the cost of repairing the bicycle, in the amount of $111.25. CT Page 12979
The plaintiff spent some minutes lying in the road in a "nervous and anxious" state, awaiting the ambulance and was comforted by his father and others. At the hospital a cast was applied and he was discharged. At home he was relatively immobile for about a week, after which his condition progressively improved, and a walking cast was applied. He was able to resume bicycle riding after approximately a month, and in the fall of that year he returned to athletics, including soccer.
The general rule, laid down in Johnson v. Franklin,112 Conn. 228, 229 (1930) remains that it is manifestly unjust for a jury to fail to award damages for pain and suffering when it awards special damages. See also Creem v. Cicero, 12 Conn. App. 607,611, 533 A.2d 234 (1987).
In Childs v. Bainer, 235 Conn. 107 (1995) the court upheld a jury verdict of economic damages with an award of zero non-economic damages, distinguishing it from Johnson. InChilds, the jury had awarded less than all of the economic damages (19%) and the evidence of physical injury "was neither substantial nor uncontested". In this case, the jury awarded all of the medical expenses as special damages, and the evidence of the plaintiff's broken leg was substantial and uncontested.[3]
What was contested was the duration of the plaintiff's disability and inability to enjoy life's activities, and the permanency of the injury, all of which issues the court assumes were resolved by the jury in favor of the defendant, which was reasonable for the jury to do. With regard to the issue of pain and suffering, however, the general rule of Johnson v. Franklin, supra,112 Conn. 229, governs. The court holds that in this case, where the fault of a defendant caused the plaintiff to suffer a substantial injury in the form of a broken fibula, without any question of proximate cause, and the jury awarded the plaintiff all of his medical expenses (in this case reduced by the percentage of comparative negligence found) a verdict which fails to award damages for pain and suffering is manifestly unjust and inadequate as a matter of law. There is no basis in reason or logic for the proposition that a broken fibula will not be accompanied by some pain and suffering, and the plaintiff was entitled to recover therefor.
I am therefore obliged to determine a reasonable additur. The court finds that fair, just and reasonable compensation for the plaintiff's pain and suffering is $6,500. The jury having found 50% comparative negligence, the court orders an additur of CT Page 12980 $3,250. If the parties shall not accept said addition to the verdict, the court orders that the verdict be set aside and a new trial ordered.