[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION RE: PLAINTIFF'S MOTION FOR ADDITUR AND/OR TO SET ASIDE
The plaintiff requests this court, pursuant to General Statutes § 52-228b, to add a reasonable award for non-economic damages to the jury's verdict and, should the defendant not accept the additur, to set aside the verdict as manifestly unjust and inadequate as a matter of law and to order a new trial on all the CT Page 533 issues. For the reasons stated below, an additur of $5,000 is ordered.
Plaintiff Joan Poll Stern brought suit against Warren D. Walters and Allied Van Lines, Inc. for personal injuries and losses she incurred as a result of a motor vehicle collision with a trailer truck that was operated by Defendant Walters and owned by Defendant Allied Van Lines, Inc. The jury's answers to interrogatories indicate that it found each driver, Stern and Walters, to be 50 percent at fault. The jury found the plaintiff's economic damages to be $31,084.08 and her non-economic damages to be zero. After accounting for the plaintiff's contributory negligence of 50 percent, the jury awarded the plaintiff $15,542.04 for her economic loss.
The plaintiff testified that as a result of the accident she injured her left hand, neck and lower back. There was evidence that her complaint of low back pain was first made about four months after the accident. The plaintiff submitted a medical report from a physician to substantiate her claims. To establish her claim for economic damages, she submitted bills in the amount of $31,084.08. One of the larger bills was for the surgical repair of the hand by a specialist who practiced in New York City. The uncontroverted evidence showed that the plaintiff suffered an open fracture and dislocation of the left middle finger.
The defendants strongly contested , ability and the extent of the plaintiff's injuries. Through cross-examination of the plaintiff, the defendants demonstrated that since the accident the plaintiff has been able to pursue a physically active life style. Her activities have included skiing, walking, rollerblading, using a treadmill, and traveling. While the plaintiff claimed that approximately 120 massages were necessary to alleviate the pain from her neck and low back strains and sprains, the defendants tried to show the massages were just part of the ambience of ski vacations. A doctor who examined the plaintiff at the request of the defendants testified that the left middle finger has healed very well, that the plaintiff has regained full motion, "an excellent result." The doctor testified that there was a moderate injury to the neck, that the plaintiff's complaint of a low back injury was not related to the accident, and that the massages were not medically necessary.
The plaintiff did endure some pain and suffering. Even if it is assumed by the court that the jury resolved in favor of the CT Page 534 defendants the issues created by the conflicting evidence on the extent and duration of the plaintiff's injuries and her ability to enjoy life's activities, the only logical conclusion is that the plaintiff did endure some pain and suffering when she injured her finger and neck. She is entitled to compensation for this suffering. See Johnson v. Franklin, 112 Conn. 228, 229, 152 A. 64
(1930).[1]
Because the court has concluded that the plaintiff is entitled to receive compensation for pain and suffering, the court must now determine a reasonable additur. The court finds that fair, just and reasonable compensation for the plaintiff's pain and suffering is $10,000. Since the jury found the plaintiff's comparative negligence to be 50 percent, the court orders an additur of $5,000. If the defendants do not accept this additur to the verdict by January 24, 1997, the verdict will be set aside and a new trial ordered on all issues. See § 52-228b.
THIM, JUDGE