[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 1, 1997
The plaintiff has filed a motion to set aside the verdict and for additur.
The verdict was a plaintiffs verdict in the amount of $4,023.50 economic damages and for zero noneconomic damages.
The plaintiff claims the verdict was unjust and inadequate as a matter of law because the entire amount of economic damages was CT Page 4963 awarded and no noneconomic damages. She also claims defense counsel's closing arguments were improper, addressed prejudicial matters outside the evidence in the case, and as a result, impacted the plaintiffs right to a fair trial. The plaintiff also moved for a mistrial as a result of such arguments.
There is a general rule in this state that "it is manifestly unjust for the jury to fail to award damages for pain and suffering when awarded special damages." Jaworski v. Kiernan, 17 CONN. L. RPTR. No. 7 225 (Arena, J., September 2, 1996). However, in Childs v. Bainer, 235 Conn. 107 (1995), the Supreme Court held that a verdict greater than nominal economic damages, but zero noneconomic damages is not defective as a matter of law.
In Childs, the plaintiff claimed $5,1298 in medical expenses, and $14,000 of lost earnings. He also claimed damages for pain and suffering and a twelve percent permanent disability as a result of the collision. The defendant disputed the special damages, the pain and suffering and the permanency. The jury awarded $3,649 to the plaintiff for economic damages and no noneconomic damages. On appeal, after a denial of his claim to set aside the verdict and for additur, the plaintiff claimed that an award of more than nominal economic damages coupled with an award of noneconomic damages is inadequate as a matter of law.
The court in Childs stated that the issue is whether a plaintiffs personal injury verdict is defective if the jury awards greater than nominal economic damages but zero noneconomic damages.
In the case of Johnson v. Franklyn, 112 Conn. 229 (1930), the court held that a verdict which equalled the exact amount of medical bills and lost wages claimed, with no allowance for substantial noneconomic damages was inadequate. The court concluded that where a plaintiff is entitled to recover for injuries, an award limited to nominal or special damages is "manifestly inadequate" and should be set aside. Id. 232, cited in Childs, supra, at 117. The court then distinguished Childs
from Johnson in that in Childs the jury awarded only nineteen percent of the economic damages. For this reason the court inChilds held that the jury award need not be set aside.
In his dissent in Childs, Justice Berdon finds that as inJohnson an award of full economic damages without accompanying noneconomic damages cannot stand. Childs, supra, at 124. CT Page 4964
This court finds that the Childs case is distinguishable fromJohnson in that in the former only nineteen percent of the economic damages were awarded whereas in Johnson, as in the instant case, the full amount was awarded. Thus, it is inconsistent for the jury to believe the plaintiff as to her economic damages and to totally disbelieve the evidence she presented as to noneconomic damages. If the jury believes she was injured so as to require treatment and incur medical bills, it was inconsistent to find that these same injuries did not cause any pain or suffering and award no noneconomic damages.
The plaintiff has also moved to set aside the verdict because of improper argument of defense counsel. Specifically he claims 1) referencing facts outside the evidence (McDonald's coffee case); 2) urging the jury not to be part of the problem like in the McDonald's case; 3) expressing his opinions as to the veracity of certain witnesses. While the court finds these arguments to be improper, it does not find that they require the verdict be set aside in view of its curative instructions during the charge.
However, because of the court's finding regarding the inadequacy of the verdict, the verdict is hereby ordered set aside unless the defendant agrees to pay an additur in the amount of $10,000 for noneconomic damages and the plaintiff agrees to accept the additur within thirty days of this decision. If the parties fail to accept the additur within this time period, a new trial is ordered on the issue of damages only since liability was not disputed in the original case.
HURLEY, J.T.R.