[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO SET ASIDE VERDICTAND FOR ADDITUR OR FOR NEW TRIAL AS TO DAMAGES
This case was tried to the jury which on October 16, 1997 rendered its verdict in favor of the plaintiffs, Theoharis Diakomis, operator, and passengers Alex Diakomis and Gikas Vidalis. The jury awarded all three plaintiffs, occupants of a motor vehicle struck from the rear by the defendant Albert Diaz's vehicle a percentage of their economic damages only and no non-economic damages. Theoharis Diakomis had medical expenses of $5404.00 and was awarded $2700.00. Alex Diakomis's medical expenses were $3,765.00 and was awarded $1900. Gikas Vidalis had medical expenses of $3,189 and was awarded $1700. One can see that the jury's awards were in a range of 45% to 55% of each plaintiff's economic damages. Further, the jury found 0% contributory negligence in its verdict for the operator Theoharis. CT Page 1987
The jury heard no live medical testimony as reports of the plaintiffs' treating physicians were admitted into evidence pursuant to § 52-174 (b). The defendant did not offer the testimony of any physician to counter findings of the plaintiffs' physicians as contained in their reports.
The plaintiff's request this court, pursuant to General Statutes § 52-228b, to add a reasonable award for both economic and non-economic damages to the jury's verdict. In the alternative, the plaintiff's request that the court set aside the verdict and order a new trial as to damages only.
With respect to the award of only a fraction of the economic damages claimed by each plaintiff the court's. . ." task is to determine whether the total damages awarded falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case. . ." Childs v. Bainer,235 Conn. 107, 113 (1995).
The trial judge has the same opportunity as the jury to view the witnesses, to assess their credibility and to determine the weight that should be given to the evidence presented. Obviously, "litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages" but only, "when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded." Mather v. Griffin Hospital,207 Conn. 125, 138, (1988). In this case the court is forced to conclude that there is no room for a "reasonable difference of opinion" with respect to economic damages. Plaintiffs' exhibit M was before the jury and is entitled "Stipulation to Facts: Plaintiffs' Medical Expenses." Both plaintiff's counsel and defendant's counsel signed this stipulation on behalf of their respective clients. This stipulation provides as follows:
 "Plaintiffs Theoharis Diakomis, Gikas Vidalis and Alex Diakomis, through their attorneys, hereby stipulate to the following facts in the above-captioned civil action, which is being tried to a jury, concerning the plaintiffs's total medial expenses arising out of a collision involving two (2) motor vehicles in Milford Connecticut on September 26, 1994.
Theoharis Diakomis $5,404.00 CT Page 1988 Gikas Vidalis $3,399.00 Alex Diakomis $3,765.00"
(Emphasis added)
This court believes that certain magic, formularic or talismanic words are not required to convey a certain meaning or to meet a specific burden of proof. Aspizue v. Orega, 205 Conn. Rptr 623, 632 (1981). The motor vehicle accident at issue in the instant case was one that occurred in Milford, Connecticut on September 26, 1994, and the court finds that the words "arising out of a collision" are equivalent to "proximately caused by a collision". Therefore the parties having stipulated to causation with respect to the medical expenses (economic damages), the jury, having found in favor of the plaintiffs on the issue of liability, was not free to reduce the amount of recoverable economic damages.
Since the court has concluded that the plaintiffs are entitled to increased compensation for economic damages, the court grants the plaintiff's motion for additur with respect to economic damages and orders an additur of $2,696 for plaintiffs Theoharis Diakomis; $1,865 for plaintiff Alex Diakomis; and $1,489 for plaintiff Gikas Vidalis. This will result in each plaintiff's recovery of economic damages in the amount of the stipulation of the parties (Exhibit M).
In determining whether the jury's verdict of zero non-economic damages should stand, the court again must decide "whether the total damages awarded falls somewhere within the necessary uncertain limits of fair and reasonable compensation or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." Malberg v. Lopez,208 Conn. 657, 679-80 (1988).
In this case there are no conflicting medical opinions as the defendants did not offer medical testimony. Counsel for defendants did argue to the jury that the plaintiffs injuries were not caused by the accident, a conclusion directly contrary to that of the plaintiff's treating physicians. According to the medical reports in evidence Theoharis Diakomis sustained a cervical musculo-ligamentous sprain; lumbosacral sprain; sciatica right leg; and contusion and sprain of the right wrist. He was treated from September 30, 1984 with Dr. Michael Showah, a chiropractor and from October 25, 1994 with Donald Dworken, M.D., CT Page 1989 an orthopedic surgeon, initially by-weekly until January 26, 1995 and thereafter periodically until February 26, 1996. Dr. Dworken awarded him a 5-6% permanent partial disability of the lumbosacral spine and 3-4% of the cervical spine.
Alex Diakomis, according to Dr. Dworken, sustained a cervical sprain and lumbosacral sprain as well as carpal tunnel syndrome, Alex in Dr. Dworken's opinion has permanent partial disabilities of 5-6% of the cervical spine and 10-15% of his right hand and wrist. With regard to the carpal tunnel injury, Carmine T. Calabrese, M.D., a specialist in surgery of the hand, opined that surgical decompression of the carpal tunnel was indicated and estimated the surgical cost for the procedure at $1,800 and anesthesia and operating room fees at $3000.00. Dr. Calabrese, as well as Dr. Dworken, opined that Alex's carpal tunnel condition was causally related to the motor vehicle accident. Furthermore, electrodiagnostic studies (Plaintiff's Exhibit B) were "compatible with right medial nerve entrapment across the wrist, carpal tunnel syndrome."
According to Dr. Dworken, Gikas Vidalis sustained musculo-ligamentous sprains of the cervical spine and lumbosacral spine as a result of the accident. Further, Dr. Dworken opined that Gikas has a permanent partial disability of 5-6% of the low back "causally related to his accident of September 26, 1994." (Exhibit I).
The court is cognizant of the fact that no matter what the expertise of an expert may be, such expert's opinion is subject to review by the jury and may be accepted or rejected by the jury in whole or in part. In this case, however, the jury appears to have rejected all evidence of injury, disability pain and suffering submitted by the plaintiffs' physicians as well as a stipulation by the parties as to economic damages. This rejection occurred in the absence of conflicting evidence.
"It is the court's duty to set aside [a] verdict when it finds that it does manifest injustice, and is palpably against the evidence." Malmberg v. Lopez, supra, 208 Conn. 679-80. The court finds that the verdict of the jury in denying any recovery of non-economic damages is inadequate. The jury, as discussed earlier, should have awarded the total economic damages of the plaintiffs pursuant to the stipulation of the parties. A verdict or award of the total economic damages and no non-economic damages would be an inconsistent verdict. Johnson v. Franklin, CT Page 1990112 Conn. 228, 229 (1930). Therefore, the court orders additurs for non-economic damages as follows:
 Thoeharis Diakomis $7,400.00 Alex Diakomis 9,000.00 Gikas Vidalis 5,000.00
The parties have stipulated to collateral source deductions as follows: Theoharis Diakomis $5112.89; Alex Diakomis $3,765.00; and Gikas Vidalis $3,189.00.
Therefore the court's additurs result in the following awards:
Economic Damages Non-Economic Total
Theoharis Diakomis $291.11 $7,500.00 $7,791.11 Alex Diakomis 0 9,000.00 9,000.00 Gikas Vidalis 0 5,000.00 5,000.00
If the parties do not accept the additurs to the verdicts by March 16, 1998, the verdicts of the jury will be set aside and a new trial ordered on all issues. See § 52-228b.
DAVID W. SKOLNICK, JUDGE