[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR ADDITUR AND MOTION TO SET ASIDE VERDICT
Before the court are the plaintiffs' Motion for Additur and to Set Aside the Verdict.
Turning first to the additur request, the Motion for Additur is denied, but not because the amount awarded is legally adequate. It clearly is not. However, because of the ambiguity of the verdict, the amount to be awarded is something which should be determined by a jury not the judge.[1]
The court will next turn to the Motion to Set aside the Verdict. On September 29, 1998, the jury returned a verdict of $4,117.26 in economic damages and nothing for non-economic damages to the plaintiff Eugene Lidman.[2] Because the court finds that the jury awarded substantial economic damages for the treatment of pain but nothing for the enduring of that pain or physical injuries sustained, the verdict is set aside and a new trial ordered.[3] Because the economic award was for more than mere nominal damages, the jury had found that the defendant was liable and that the plaintiff's injuries were substantial. CT Page 12099
After some initial diagnostic procedures in late December of 1994, Dr. Donald S. Dworken, on December 29, 1994, commenced a series of pain management procedures utilizing hot/cold packs, ultrasound, electrical stimulation, assisted therapeutic exercise, massage with deep friction, myofacial release, and manual traction. The cost of this therapy to treat and ameliorate plaintiff Eugene Lidman's pain was $1730.00. These treatments occurred for more than three months, and included eight treatments in both January and February of 1995, and seven in March of that year, for a total of twenty-three treatments all of which the jury ruled were fully compensable for the defendant's share of liability. To determine they were so compensable, the jury first had to determine that (1) there was injury; (2) it was caused by the defendant's negligence; (3) there was resulting pain to be managed, at least during time periods these pain therapies were administered; and (4) that pain required treatment reasonably necessary as rendered by Dr. Dworken. Such a verdict awarding all of the economic damages claimed, including Dr. Dworken's bill of $1730.00 for pain treatments, but nothing for non-economic damages for enduring pain and suffering at least for the several months it was treated, is ambiguous, internally inconsistent, illogical and unjust and therefore cannot be sustained. The jury was instructed to award damages for medical expense[4] if the defendant's negligence caused the plaintiff injury. They did so find and awarded the entire amount claimed, deducting only the share of another driver, Diaz, who was determined to be partially responsible. The verdict indicates the jury made these causal findings that pain treatment was necessary and the proximate result of the defendant's negligence. It is evident, however, that they did not follow the court's remaining instructions requiring them to award damages to a plaintiff who they found had endured that pain and suffered an injury.
The parties have assisted the court in filing memoranda. In the court's opinion, the applicable legal principles come down to these. In considering a Motion to Set Aside, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict. Skrzypiec v. Noonan, 228 Conn. 1, 10, 633 A.2d 716
(1993). "However, it is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is palpably against the evidence . . ." Malmberg v. Lopez, 208 Conn. 679,680, 546 A.2d 264 (1988). The court finds that occurred here, and the verdict should be set aside. CT Page 12100
The Supreme Court in Childs v. Bainer held that a plaintiff's personal injury verdict is not defective if the jury awards greater than nominal economic damages, but less in amount than the plaintiff's evidence of them, but zero non-economic damages. Childs v. Bainer, 235 Conn. 107, 114-15, 663 A.2d 398
(1995). However, it continued to recognize that a verdict for "the plaintiff who has proved substantial injuries [and] is awarded inadequate damages" should be set aside, citing Johnsonv. Franklin, 112 Conn. 228, 229, 152 A. 64 (1930) (where jury awards exact amount of special damages and there is no allowance for pain or substantial physical injuries, trial court abused discretion in denying motion to set aside verdict.) The Childs
decision continued to recognize the trial court's right to set aside a verdict where it is "inherently ambiguous," citingMalmberg v. Lopez, 208 Conn. 675, 546 A.2d 264 (1988).
The verdict is set aside as to the plaintiff Eugene Lidman and, because the same reasoning applies to the case of plaintiff Eleanor Lidman which need not be repeated, the verdict is therefore set aside as to her case as well.
Flynn J.