[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was returned to court on June 3, 1998. The complaint sought compensatory damages of a non-economic and economic nature for injuries which the plaintiff attributed to the negligence and carelessness of the defendant in the operation of his vehicle. The complaint described a rear end collision involving the front of defendants car and the rear of plaintiffs vehicle. The incident occurred on August 29, 1996 at 1:10 p. m. in heavy traffic on Orange Avenue in New Haven, Connecticut. The police conducted an investigation of this accident. At the scene the plaintiff made no claim to the police officer that he was injured. He did not go to the hospital or seek immediate medical attention but returned to his place of employment in the latter part of the afternoon. Both vehicles were drivable after the collision. Neither suffered substantial property damage.
The defendant filed an answer denying negligence on the part of the defendant and a special defense alleging that contributory negligence on the part of the plaintiff was a substantial factor in causing the occurrence. The defendant alleged that the plaintiff did not exercise a reasonable degree of control, nor did he signal or give any warning, and failed to give any notice of his intention to stop in the specifications of negligence alleged in his special defense.
Plaintiff denied each and every allegation contained in defendants special defense.
A jury was selected and the matter was tried to conclusion. A verdict was rendered for the plaintiff awarding him the exact amount of his economic damages, $3110.00, and no non-economic damages. Before it returned its verdict, the jury submitted a question to the court (Court Exhibit A). The question asked "Who has paid the $3110.00 medical bill from Orthopedic Surgeons, P.C. dated 3/13/97." The court advised the jury that it was the plaintiffs obligation to pay this bill. The court did not accept the verdict and sent the jury back to reconsider the plaintiffs claim for non-economic damages. The court advised the jury that having found some of the issues for the plaintiff, i.e., negligence, causation and economic damages, that Connecticut law required them to give consideration to at least nominal non-economic damages in view of the doctors report and the plaintiff's testimony that he sustained pain and suffering attendant upon the injuries he sustained. CT Page 20
The jury resumed their deliberations and came back with the same verdict which the court then accepted.
In his complaint the plaintiff alleged that he received and suffered from serious painful and permanent injuries to his neck and lower back, including an aggravation of a previous neck and back injury resulting in stiffness and restricted rotation of the neck, intermittent numbness and parathesia in both hands and a musculoligamentous sprain/strain of the cervical and lumbosacral spine. From all of the aforesaid injuries or effects thereof the plaintiff alleged that he suffered pain, mental anguish, depression and nervousness and had to undergo physical therapy and treatment and was unable to perform his occupational duties as he did prior to said occurrence and his earning capacity has been and will be impaired.
The plaintiff testified generally in accordance with the allegation of his complaint. He did, however, testify that he was making no claim for property damage nor was he making any claim for loss of wages or earning capacity. Plaintiff offered supporting reports from his orthopedic surgeon, Dr. Philip Lucchini, who saw him for the first time on September 3, 1996, and reported as follows (Exhibit G): "Mr. Nesto was involved in a motor vehicle accident on 8-29-96. At the time he was stopped at a traffic light when he was struck from behind by another vehicle and pushed forward. He hyperextended his neck which resulted in neck and lower back pain. The neck pain is associated with stiffness and restricted rotation in both right and left. Patient also has intermittent numbness and parathesia in both hands. The stiffness in his back is present with lateral bending, extension and flexion." Dr. Lucchini noted that Mr. Nesto had a history of a previous motor vehicle accident in 1993 which resulted in a cervical sprain and right shoulder sprain. The doctor reported that the x-rays of the cervical and lumbar spine are negative for acute boney injuries and concluded that the patient had sustained a musculoligamentous strain of the cervical and lumbosacral spine as a direct result of the motor vehicle accident on 8-29-96. The doctor did not state in his report that the present incident aggravated the injuries he had received in the motor vehicle in 1993, although in that accident the doctor had given him a permanent disability.
The doctor provided him with a prescription for muscle spasm and ordered him to begin a course of physical therapy and to return for future further examinations. The doctor saw him again CT Page 21 on October 3, 1996 (Plaintiff's Exhibit I) and made a finding that the neck and back systems are improving but advised him to continue with a course of physical therapy until his symptoms subside. The doctors next report is dated November 6, 1996 and he found the patient much improved, some residual stiffness in the cervical spine. "He looks fairly good on examination today. It is advised that he does have some cervical lumbar spine sprain. He will work out in a gym to see if he can alleviate the rest of these symptoms and he is to return in six weeks for a followup exam." On January 16, 1997 (Plaintiff's Exhibit N) the doctor noted that the neck and back symptoms had I improved. "He has only minimal discomfort and a full range of motion of the neck and back." He was discharged with no residual impairment as a result of the 8-29-96 motor vehicle accident.
The plaintiff also submitted a statement from the physical therapist (Plaintiff's Exhibit 0) which showed that he was under treatment for physical therapy from September 3 through January 16, 1997, receiving approximately 27 treatments.
The defendant offered Exhibit 3 which was a report from Dr. Lucchini, dated May 19, 1994, which pertained to Mr. Nesto's injury of May 23, 1993. This report indicated that Mr. Nesto had a chronic sprain of the rotator cuff, right shoulder, which is a direct result of the motor vehicle accident of May 23, 1993, and he concluded that he had a 10% impairment of function of the right shoulder. Defendant's Exhibit 4 is a report from Dr. Seigel who saw Mr. Nesto in conjunction with his injury claim arising out of the accident of May 23, 1993, and he concluded that Mr. Nesto had sustained a traumatic carpal tunnel syndrome, a cervical sprain and a right shoulder sprain.
The defendant also introduced Exhibit 8, which was a notice of a claim to the Office of the Claims Commissioner of the State of Connecticut, involving a claimed fall on the part of Mr. Nesto on February 8, 1994 on state-owned property. Mr. Nesto alleged that he slipped on ice and fell backwards, landing on his right side and claimed that he felt pain in his right elbow and knee and pain in his neck and lower back. In his claim Mr. Nesto notified the state that he had sought treatment from Dr. Ronald Bessel, a chiropractor in Hamden, and had received treatment from him up to June 27, 1994. Dr. Bessel had assessed a 5% permanent partial impairment to Mr. Nesto's lumbar spine as a result of this accident. Defendant also offered two reports from the Bessel CT Page 22 Chiropractic Office (Defendant's Exhibits 5 and 6) and a report dated July 1, 1994 (Defendant's Exhibit 7). Dr. Bessel rendered a professional opinion that Mr. Nesto had sustained a 5% permanent partial impairment of his lumbar spine as a result of the injuries he sustained on February 8, 1994.
The plaintiff admitted on cross examination that he did not specifically tell Dr. Lucchini when he first saw him on September 3, 1996 about his accident on February 8, 1994, which was still pending against the State of Connecticut.
Plaintiff filed a memorandum in support of his motion for additur, citing Johnson v. Franklin, 112 Conn. 228 (1990). InJohnson the jury rendered plaintiffs verdicts and awarded the three plaintiffs the exact amount of special damages and no award for pain and suffering. Plaintiff's attorney moved to set the verdict aside because of the inadequacy of the damage award. The trial court denied the plaintiffs motions upon the ground that the court would have set the verdict aside had the jury awarded plaintiffs any substantial damages.
The trial court held that the verdicts were inadequate but further held, "If upon careful consideration of all the evidence it does not appear that the plaintiff is entitled to have a recovery for substantial damages as we think the jury in this case may very well have found, under all the facts adduced the court should not set the verdict aside but rather treat an award of nominal damages for the plaintiff in the nature of a verdict for the defendant."
The Supreme Court, when considering this decision, said the court was in error in treating or regarding these verdicts as nominal. The Court found they were substantial, stating, "Nominal damages mean no damages. They exist only in name and not in amount." The Court then discussed the rule that a court should treat "An award of nominal damages for the plaintiff in the nature of a verdict for the defendant." It found that a sounder reason for the rule is that a new trial should not be granted where the plaintiff ought not to prevail and the defendant does not complain of the verdict. It stated that a like rule exists and for like reasons where the ground for setting aside a verdict is the inadequacy of damages and the case is one in which upon a new trial substantial damages should not be awarded.
The Supreme Court found error in the the trial court and CT Page 23 ordered a new trial. It stated to make the rule that the trial court applied applicable, it must appear that the trial court was correct in holding: "Had verdicts for any substantial amount in these cases been returned for the plaintiff upon motion to set aside by the defendant, I should have felt in duty bound to set aside the verdicts." The Supreme Court examined the evidence with care and concluded that at best it presents a case of a conflict in the evidence. It concluded that "The evidence supporting the defendants case cannot be so clear and convincing as to permit us to hold as a matter of law that the trial court would have been required in the exercise of reasonable discretion to set these verdicts aside upon motion of the defendant. It follows that if the plaintiff were entitled to verdicts, those rendered were manifestly inadequate and the motion to set them aside should have been granted."
After reviewing all of the evidence the court is of the opinion that the evidence would support a finding that the defendant was responsible for the rear end collision between the vehicles. The court finds that the evidence supporting the proximate cause of the injury was in conflict but the evidence was sufficiently adequate so that the court would not have been required in the exercise of reasonable discretion to set aside these verdicts upon motion of the defendant. This view of the evidence requires the court to state that had the jury entered a verdict for reasonable damage for non-economic damages in addition to the economic damages, the court would not have granted a motion of the defendant to set aside the verdict. "It follows that if plaintiff was entitled to a verdict, the verdict rendered was manifestly inadequate." Johnson v. Franklin,112 Conn. 228, 232 (1990).
It is the court's duty to set aside the verdict when it finds that "It does manifest injustice and is palpably against the evidence." Malmberg v. Lopez, 208 Conn. 675, 680 (1988). Defendant urges the court in its memorandum to adopt the holding in Childs v. Bainer, 235 Conn. 107 (1995). In that case the question before the Supreme Court was whether the Appellate Court improperly imposed a per se rule that an award of economic damages must be coupled with an award of non-economic damages. The defendant argued that the decision to order an additur is a matter of judicial discretion and that the trial court did not abuse its discretion in light of the conflicting and unsubstantial evidence of the injury presented at trial. The Supreme Court agreed with the defendant and reversed the judgment CT Page 24 of the Appellate Court.
The Supreme Court measured the discretion of a trial court in ruling on a motion for additur, considering whether (1) the jury award shocks the conscience; (2) the plaintiff who has proved substantial injuries is awarded inadequate damages; and (3) whether or not the verdict is inherently ambiguous. Childs v.Bainer, supra, p. 114-115 (1995). The court stated that the existence of conflicting evidence limits the court's authority to overturn a jury verdict. The jury is entrusted with the choice of which evidence is more credible and what effect it is to be given. Ford v. Blue Cross and Blue Shield of Connecticut. Inc.,216 Conn. 40 at 58 (1990). The court then distinguished the facts in Childs v. Bainer from Johnson v. Franklin.
The amount of damages awarded is peculiarly within the province of the trier of fact with the question becoming whether on the evidence the jury could have reasonably decided as they did. After considering all the evidence in this case, the court concludes that the award of damages in this case does not fall somewhere within the necessarily uncertain limits of fair and reasonable compensation in this particular case and compels the conclusion that the jury was influenced by mistake. Accordingly, the court will set aside the verdict unless within two weeks from the filing of this decision the defendant shall file with the clerk and additur in the amount of $3000.00. If such additur is so filed, judgment may enter upon the filing in the sum of $6110.00, together with taxable costs. If the additur is not filed within the said two week period, the verdict is set aside and the court orders a new trial.
Dorsey, J. Judge Trial Referee