[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO SET ASIDE AND FOR ADDITUR
After a trial, the jury awarded the plaintiff $2500 in economic damages and nothing in noneconomic damages. The amount of the past medical bills, the only item of claimed economic damages other than future medical bills, was approximately $2,475.10. The verdict was accepted by the court. The plaintiff has moved to set aside the verdict and has also requested an additur. The claim is that in the circumstances of this case, the award of the full amount of the past medical bills and no noneconomic damages requires the setting aside of the verdict. The defendant claims that damages were "hotly contested" and that the jury's verdict was, therefore, justified by the evidence and ought to stand.
The relatively recent case of Childs v. Bainer, 235 Conn. 107
(1995), frames the dispute. In Childs, the plaintiff claimed to have suffered a shoulder injury, which resolved within one week, a neck injury which healed within five months, a lower back injury which resulted in a 12% permanent partial disability, roughly $5,000 in medical bills and about $14,000 in lost wages. The defendant submitted evidence of statements made by the plaintiff and a course of treatment and activities which tended to undermine claims that the plaintiff was seriously injured. The jury returned a verdict of roughly two thirds the amount of the medical bills in economic damages and nothing in noneconomic damages. The trial court denied the plaintiff's motions to set aside and for additur, and the plaintiff appealed.
Justice Katz, who wrote the majority opinion, stressed that litigants have a constitutional right to trial by jury and extended great deference to the jury's award of damages. Childs, at 112. In such situations, the dispositive consideration is whether evidence presented at trial, in the light most favorable to sustaining the verdict, reasonably supports the verdict. Id. Justice Katz noted that the trial judge has the opportunity to view the witnesses and is in a position to judge whether the jury may have been mistaken or unfairly influenced. Id., 113.
The trial judge should disturb the jury's determination only if the verdict falls into one of three general categories: where the verdict shocks the sense of conscience; where in the face of CT Page 1526 "substantial injuries" inadequate damages are awarded; and where a verdict is "inherently ambiguous."[1] Id., 114. The plaintiff argues that the second category is satisfied in this case.
The seminal case in the second category is Johnson v. Franklin,112 Conn. 228 (1930). Johnson involved an automobile accident in which there were three plaintiffs, all apparently occupants of one of the cars involved in the accident. The jury awarded damages in favor of each plaintiff in the precise amount of the medical bills. The plaintiffs moved to set the verdicts aside as inadequate, and the defendant apparently moved to set the verdicts aside as well, on the ground that there was no evidence to support the verdict in favor of the plaintiffs as to liability. The trial court held that there was no evidence on which liability could be premised.
The Supreme Court reversed, holding that there was sufficient evidence to support the jury's verdict as to liability. The court went on to hold that, because there was "no allowance for the pain or the physical injuries suffered which are substantial" (emphasis added), the verdict was manifestly inadequate.[2]
Because Johnson is premised largely on the proposition that it is illogical to award only medical bills if the injuries are "substantial", the definition of what is "substantial" is of more than passing interest. The injuries are not described in Johnson
itself. The records and briefs, however, indicate that one of the plaintiffs alone suffered a fractured right arm, glass from the windshield was imbedded in his flesh, he spent ten days in a hospital and thereafter he, a fourteen year old boy, was unable to throw a baseball. Another of the plaintiffs claimed to have been totally disabled. Records and Briefs of the Connecticut Supreme Court, 1930 October Term, 986.
Returning our attention to Childs, we note that Justice Katz distinguished Johnson on two grounds: she pointed out that, in that case, only a portion of the claimed medical bills were awarded and the evidence of physical injury "was neither substantial nor uncontested". Childs, supra, 117. Addressing the issue of the award of economic damages and no noneconomic damages, Justice Katz wrote:
 As we have discussed, the common law of this state does not recognize the principle that awards limited to economic damages are inadequate as a matter of law and must be set aside, or the CT Page 1527 principle that a fact finder must award noneconomic damages each time it awards economic damages. Rather, as we have stated numerous times, "[t]he amount of a damages award is a matter peculiarly within the province of the trier of fact; (citation omitted); and if on the evidence, the jury could reasonably have decided as they did, [the reviewing court] will not find error in the trial court's acceptance of the verdict. . . ." Childs, supra, at 121.
The clear and unavoidable holding of Childs is that there is no talismanic litmus test based on categorization of damages; rather, the issue is whether evidence can reasonably support the jury's verdict. A brief examination of the evidence in the case at hand is, then, warranted.
The plaintiff's car was "rear-ended". Although the appraisal shows $1,000 in damages, the photograph shows little structural damage. No part of her body hit any part of the vehicle. The police report indicates "minor damage to both vehicles" and "no injury reported." She went to an emergency room the next day where X-rays of her lumbar and cervical spines were taken. The X-rays were reported to be entirely normal. She was released after getting a cervical collar and ibuprofin; she reported back and neck pain. The remainder of her treatment was with a chiropractor, who noted some pain and treated her for a "musculoligamentous type sprain/strain". She eventually was discharged with no permanency rating. She apparently saw no medical doctor after the emergency room visit. The defense disputed the plaintiff's suggestion of continuing discomfort and any limitations, and offered evidence to the effect that the defendant's speed at the time of the collision was about five miles per hour. The chiropractor testified that he saw lordotic changes on the X-ray and, although no impairment rating was made, he expected she would have to see a chiropractor three to four times a year in the future for flare-ups. She apparently had no formal medical treatment for about three years prior to trial, and the defense elicited evidence suggesting that she had seen a lawyer before seeing the chiropractor.
If the evidence regarding damages in Childs showed that the physical injury was "neither substantial nor uncontested", then the evidence in the case at hand is even less compelling. InChilds, $14,000 in lost wages were claimed and a 12% permanency rating was awarded.[3] The jury in this case may well have believed that although the plaintiff suffered injury sufficient CT Page 1528 to justify some treatment, she did not sustain her burden of proof to show that she suffered pain and suffering such that "fair, just and reasonable compensation", insofar as money can do it, required monetary compensation.[4]
Although the result is not necessarily one which I would have reached, I must give deference to the decision of the jury. Because the jury verdict is not clearly contradicted by the evidence, the plaintiff's motions are denied.
Beach, J.