[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT (#119) AND ADDITUR (#120)
Before the court are the plaintiffs motions to set aside the verdict and for additur. The plaintiff, Shannon Loughrey, was driving a vehicle that was struck from behind by the vehicle operated by the defendant, Frank Rizzetta. The evidence at trial reveals that at the time of the collision, the plaintiff had stopped at an intersection due to an ambulance traveling in the perpendicular lane. The defendant was behind the plaintiff when his vehicle struck her vehicle. The defendant admitted liability but contested the amount of damages.
A trial before a jury was held on May 7 and 8, 2002. At trial, the plaintiff claimed that she suffers permanent pain in her neck and back. In relation thereto, she claimed damages for lost wages because she was once a bartender but had to become a hostess due to the strain bartending put upon her already-injured back area. She also claimed damages for future treatment related to her back injuries. In the past, she was treated for back injury through massage therapy.
At the conclusion of the trial, the jury awarded the plaintiff $5204.26, her full economic damages, and no non-economic damages.
On May 10, 2002, the plaintiff filed motions to set aside the verdict and for additur. The defendant filed his objection on May 16, 2002.
The standard for a motion for additur is identical to the standards for a motion to set aside the verdict. Hunte v. Amica Mutual Ins. Co.,68 Conn. App. 534, 541, 792 A.2d 132 (2002). "A court is empowered to set aside a jury verdict when, in the court's opinion, the verdict is contrary to the law or unsupported by the evidence. . . . A verdict should not be set aside, however, where it is apparent that there was some evidence on which the jury might reasonably have reached its conclusion." (Internal quotation marks omitted.) Marchell v. Whelchel,66 Conn. App. 574, 582, 785 A.2d 253 (2001). Moreover, "[t]he evidence is CT Page 11849 viewed in a light most favorable to the prevailing party and to sustaining the verdict"; Ipacs v. Cranford, 65 Conn. App. 441, 443,783 A.2d 1044 (2001); and "[t]he verdict should be disturbed only by considerations of the most persuasive character, as where the verdict shocks the sense of justice. . . . Only under the most compelling evidence may the court set aside a jury verdict because to do so interferes with a litigant's constitutional right in appropriate cases to have issues of fact decided by a jury." (Internal quotation marks omitted.) Hunte v. Amica Mutual Ins. Co., supra, 541.
The plaintiff argues that the verdict is inconsistent, and, therefore, inadequate as a matter of law. The court agrees.
Until recently, an award of economic damages without an award of non-economic damages would be inadequate as a matter of law, as first promulgated in Johnson v. Franklin, 112 Conn. 228, 152 A. 64 (1930). Recently, however, our Supreme Court has found a per se rule to be unacceptable and has instead adopted a case-by-case rule. Wichers v.Hatch, 252 Conn. 174, 188, 745 A.2d 789 (2000). The court in Wichers
reiterated the standard that this court has described above and also repeated that "[i]n passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at a verdict. The juror must use all his experience, his knowledge of human nature, his knowledge of human events, past and present, his knowledge of the motives which influence and control human action, and test the evidence in the case according to such knowledge and render his verdict accordingly. . . ." (Internal quotation marks omitted.) Id., 186-87, 189.
In the present case, the jury awarded the plaintiff $5204.26 and zero non-economic damages. The award included $3404.26 for medical bills, $300 in lost wages, and $1500 for future treatment. The plaintiff testified that she suffered no other physical harm other than back and neck pain. The plaintiff's lost wages was based on her estimate that she lost $300 in tips when she gave up her job as a bartender to become a hostess due to back pain, because she does not get tips in her position as a hostess.
The court finds that the verdict is inconsistent and, thus, legally inadequate. Although the jury declined to award the plaintiff damages for her pain and suffering, it awarded her money for future treatment of pain and suffering and for wages she claimed to have lost because her pain and suffering caused her to switch jobs.
The court notes that it is not necessarily inconsistent to award a CT Page 11850 party full economic damages and no non-economic damages under the right facts. See Petersen v. Gorman, Superior Court, judicial district of Waterbury, Docket No. CV 99 0150279 (May 13, 2002, Pittman, J.); D'Anconav. Metropolitan Property Casualty Ins. Co., Superior Court, judicial district of Waterbury, Docket No. CV 98 0147204 (April 1, 2002,Pittman, J.); Cyr v. General Ins. Co., Superior Court, judicial district of New Britain, Docket No. CV 990498221 (February 6, 2002, Quinn, J.);Frazier v. Konopka, Superior Court, judicial district of New Britain, Docket No. CV 98 0490379 (January 25, 2002, Quinn, J.); LaFrance v.Hunchak, Superior Court, judicial district of New Haven, Docket No. CV 95 0376064 (June 15, 2000, Moran, J.). In all of these cases, however, the only economic damages were medical costs.
In the present case, however, the jury awarded the plaintiff damages for lost wages and future treatment that it could not have awarded to her unless the jury accepted that the plaintiff suffered some form of pain and suffering. Because the jury had to find that the plaintiff suffered pain and suffering to award her the full amount of her economic damages, the verdict is inconsistent in that it did not include an award of non-economic damages.
For the reasons herein stated, the court grants the motion for additur in the amount of $2250.00 If the defendant accepts the additur, judgment shall enter in the amount of $7,454.26. If the defendant does not accept the additur within twenty days of the filing of this decision, the court shall grant the motion to set aside the verdict and a new trial on the issue of damages shall beheld.
 ___________________ BALLEN, J.T.R.
CT Page 11851