## HELEN GLADU *v.* JOAO SOUSA
### (AC 18205)

Foti, Schaller and Hennessy, Js.

Argued February 18—officially released April 20, 1999

*William J. Melley III*, with whom, on the brief, was *Flora Pizzoferrato*, for the appellant (defendant).

*Paul J. Yamin*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendant appeals from the trial court's judgment granting the plaintiff's motion for additur and ordering a new trial on the issue of damages. We affirm the judgment of the trial court.

The plaintiff filed suit alleging negligence on the part of the defendant arising from a traffic accident that occurred in Waterbury. The defendant admitted in his answer that he was negligent in failing to keep a proper lookout for other traffic. The jury rendered a plaintiff's verdict for economic damages only, awarding her $13,650, approximately the amount of her unpaid medical bills. The plaintiff moved for an additur of the award on the grounds that the verdict shocks the conscience and is so inconsistent with the severity of the injuries that the verdict awarding only special damages is manifestly inadequate. The trial court granted the plaintiff's motion, entering an additur of $30,000 in noneconomic

damages for a total award of $43,650. The defendant did not accept the trial court's additur and this appeal followed. The defendant claims that the trial court improperly granted the plaintiff's motion. We disagree.

The jury reasonably could have found the following facts. On November 28, 1993, the plaintiff was a passenger in a two car traffic accident in Waterbury. The plaintiff suffered injuries and was transported by ambulance to St. Mary's Hospital. The plaintiff has lived in continual pain since the date of the accident. Between the date of the accident and the date of trial, she underwent extensive medical testing, treatment and physical therapy. As a result of the accident, the plaintiff's lifestyle has changed significantly, as she is no longer able to undertake the activities that she had been able to perform prior to the accident.

The plaintiff has had muscle spasms in her shoulder and neck. As a result of the spasms, the plaintiff has received injections to relieve the pain. The injections relieved the pain for up to one month, but not permanently. Furthermore, the plaintiff has suffered from loss of sleep due to the pain.

The plaintiff admitted into evidence the report of Brian Peck, her treating physician, stating that the plaintiff suffered from a total permanent partial disability of 7 percent to the neck, 5 percent to the shoulders and 2 percent to the dorsal spine, equaling a total disability of 14 percent.

The defendant's medical expert, Robert Hendrickson, a physician, concurred with the fact that the plaintiff suffered from a permanent disability but disagreed as to its percentage. Hendrickson believed that the disability was only 5 percent. He further stated that the plaintiff was overmedicated and dependent on the narcotic Percocet. Through cross-examination of the plaintiff, the defendant attempted to show that her injuries were not

as severe as she claimed. At no time did the defendant present evidence suggesting that the plaintiff had not been injured or that she did not suffer from a permanent partial disability. The only contested issues were the severity of the plaintiff's injuries and the degree of her partial permanent disability.  ·

"On appeal, we review the action of the trial court in setting aside the verdict, recognizing that the decision of the trial court is entitled to great weight because it, like the jury, has seen and heard the witnesses. We will not disturb the exercise of that discretion in the absence of clear abuse." *Parasco* v. *Aetna Casualty & Surety Co.*, 48 Conn. App. 671, 675, 712 A.2d 433 (1998). "Moreover, the trial judge can gauge the tenor of the trial, as we, on the written record, cannot, and can detect those factors, if any, that could improperly have influenced the jury." (Internal quotation marks omitted.) *Childs* v. *Bainer*, 235 Conn. 107, 113, 663 A.2d 398 (1995).

"[I]t is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the evidence. . . . *Malmberg* v. *Lopez*, [208 Conn. 675, 679–80, 546 A.2d 264 (1988)]. The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks in the sense of justice as to compel the conclusion that the jury [was] influenced by partiality, mistake or corruption. . . . *Wood* v. *Bridgeport*, 216 Conn. 604, 611, 583 A.2d 124 (1990)." (Internal quotation marks omitted.) *Childs* v. *Bainer*, supra, 235 Conn. 113–14.

Nevertheless we are engaged in balancing the rights of both parties. "Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among

fair-minded persons as to the amount that should be awarded. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court." (Internal quotation marks omitted.) Id., 112. Yet, a trial court has not violated a party's constitutional right to have the jury determine questions of fact if it does not abuse its discretion in setting aside the verdict. See *Robinson* v. *Backes*, 91 Conn. 457, 460, 99 A. 1057 (1917).

The jury in the present case was given plaintiff's and defendant's verdict forms. The plaintiff's form had blanks for the jury to fill in the amount of economic damages, noneconomic damages and the total damages awarded. The jury awarded the plaintiff $13,650 in economic damages and zero noneconomic damages. The amount is virtually the same as the $13,626 in economic damages claimed by the plaintiff.

The trial court compared this case to *Jeffries* v. *Johnson*, 27 Conn. App. 471, 476, 607 A.2d 443 (1992), where we stated that "[t]he award of economic damages . . . make[s] it abundantly clear that the jury found the plaintiff's injuries were in fact caused by the negligence of the defendant, and that the plaintiff was entitled to more than nominal damages." We agree with the trial court's decision that the jury's finding of economic damages almost equal to the amount of economic damages claimed shows that the jury found the defendant liable for the plaintiff's injuries.

Furthermore, the trial court's memorandum of decision distinguished the present case from *Brennan* v. *Manlapaz*, 19 Conn. App. 71, 560 A.2d 988 (1989), and

*Creem* v. *Cicero*, 12 Conn. App. 607, 533 A.2d 234 (1987), where the juries rendered general verdicts, thereby making it impossible for the trial court to determine "what monies were awarded as special damages and what monies were awarded as compensation for pain and suffering." Id., 612. We are not faced with a situation involving a general verdict. Rather, the verdict form clearly states that the jury is awarding substantial economic damages with no award for pain and suffering.

The general rule in Connecticut is that where a plaintiff is entitled to damages for her injuries, "an award limited to nominal or special damages is 'manifestly inadequate' and should be set aside." *Childs* v. *Bainer*, supra, 235 Conn. 117, quoting *Johnson* v. *Franklin*, 112 Conn. 228, 232, 152 A. 64 (1930). Although the Supreme Court in *Childs* distinguished *Johnson*, and did not hold that the verdict was inadequate, the Supreme Court did not reverse its earlier holding in *Johnson*. The jury in this case found that the plaintiff established that she was injured as a result of the defendant's admitted negligence. Both the plaintiff's exhibits and Hendrickson's testimony established that she suffered from a partial permanent disability. As the trial court properly stated: "The only dispute was as to the extent of her disability . . . ." We conclude that the trial court did not abuse its discretion and properly granted the plaintiff's motion for additur and, after refusal by the defendant, ordered a new trial on the issue of damages because the verdict was manifestly inadequate to compensate her for her injuries.

The judgment is affirmed.

In this opinion the other judges concurred.