## HELEN GLADU *v.* JOAO SOUSA
### (SC 16125)

Borden, Norcott, Katz, Palmer, Callahan, Ronan and Wollenberg, Js.

Argued December 8, 1999—officially released February 15, 2000

*William J. Melley III*, with whom, on the brief, was *Roger L. Brewer*, for the appellant (defendant).

*Timothy C. Moynahan*, with whom, on the brief, was *Jeffrey J. Oliveira*, for the appellee (plaintiff).

*Jack G. Steigelfest* and *Constance L. Epstein* filed a brief for the Connecticut Defense Lawyers Association as amicus curiae.

*Opinion*

KATZ, J. After examining the record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification[1] was improvidently granted.

In brief, the plaintiff, Helen Gladu, filed a motion for additur following the jury's verdict awarding economic damages only. The trial court granted that motion, adding an award of noneconomic damages, and, after the defendant refused the additur, ordered a new trial on the issue of damages. The defendant, Joao Sousa,

---

[1] We granted the defendant's petition for certification to appeal from the judgment of the Appellate Court; *Gladu* v. *Sousa*, 52 Conn. App. 796, 727 A.2d 1286 (1999); limited to the following issue: "Did the Appellate Court properly hold that the trial court was within its discretion in ordering an additur where a jury had determined that a plaintiff was entitled to economic damages but no noneconomic damages?" *Gladu* v. *Sousa*, 249 Conn. 921, 733 A.2d 233 (1999).

appealed from the trial court's judgment. The Appellate Court, in reviewing the action of the trial court on a motion to set aside a verdict, in accordance with our well established precedent, examined whether the court had abused its discretion and whether, on the evidence presented, the jury fairly could have reached the conclusion that it did. See *Birgel* v. *Heintz*, 163 Conn. 23, 26, 301 A.2d 249 (1972), and cases cited therein.

"In passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at a verdict. The juror must use all his experience, his knowledge of human nature, his knowledge of human events, past and present, his knowledge of the motives which influence and control human action, and test the evidence in the case according to such knowledge and render his verdict accordingly. . . . The trial judge in considering the verdict must do the same . . . and if, in the exercise of all his knowledge from this source, he finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption or partiality, then it is his duty to set aside that verdict and to grant a new trial. . . . The trial judge has a broad legal discretion and his action will not be disturbed unless there is a clear abuse. . . . A mere doubt of the adequacy of the verdict is an insufficient basis for such action. . . . A conclusion that the jury exercised merely poor judgment is likewise insufficient. . . . The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or cor-

ruption." (Citations omitted; internal quotation marks omitted.) Id., 27–28.

Without relying on the per se rule of *Johnson* v. *Franklin*, 112 Conn. 228, 232, 152 A. 64 (1930), which we overruled today in *Wichers* v. *Hatch*, 252 Conn. 174, 176, 745 A.2d 789 (2000), the trial court in this case evaluated the evidence and the jury's award in a manner consistent with its statutory authority[2] and our jurisprudence sanctioning the exercise of its discretion in appropriate circumstances. Exercising its appropriate role, the Appellate Court properly affirmed the trial court's judgment.

The appeal is dismissed.

In this opinion the other justices concurred.

---

[2] General Statutes § 52-216a provides: "Reading of agreements or releases to jury prohibited. Adjustments for excessive and inadequate verdicts permitted. An agreement with any tortfeasor not to bring legal action or a release of a tortfeasor in any cause of action shall not be read to a jury or in any other way introduced in evidence by either party at any time during the trial of the cause of action against any other joint tortfeasors, nor shall any other agreement not to sue or release of claim among any plaintiffs or defendants in the action be read or in any other way introduced to a jury. If the court at the conclusion of the trial concludes that the verdict is excessive as a matter of law, it shall order a remittitur and, upon failure of the party so ordered to remit the amount ordered by the court, it shall set aside the verdict and order a new trial. If the court concludes that the verdict is inadequate as a matter of law, it shall order an additur, and upon failure of the party so ordered to add the amount ordered by the court, it shall set aside the verdict and order a new trial. This section shall not prohibit the introduction of such agreement or release in a trial to the court."