[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT MOTION IN ARREST OF JUDGMENT AND/OR REMITTITUR
On January 12, 2000, the jury in the above captioned matter returned a verdict of $130,000.00 in favor of the plaintiff, Laura Bryson. The jury found that the defendant, Marc Valois, was liable to the plaintiff for $18,000.00 in economic damages (medical expenses and lost income) and $112,000.00 for non-economic damages (present and future physical and mental pain and suffering). The verdict was accepted and ordered recorded by the court, Ballen, J.T.R.
The jury could reasonably have found the following facts. On August 4, 1995, the plaintiff was operating her motor vehicle in the westbound lane of Post Road East near the intersection of Cresent Road in the town of Westport. The defendant was also operating his vehicle in the westbound lane of Post Road East near the intersection of Cresent Road. The plaintiff stopped her vehicle to execute a left turn into 538 Post Road East. The defendant, while operating his vehicle directly behind the plaintiff, collided into the rear of her vehicle.
The impact between the two vehicles was severe. The defendant testified he was going about twenty-five miles an hour and did not apply his brakes before crashing into the rear of the plaintiff's car which had been at a complete stop for a period of time with indicator blinking. The investigating police officer confirmed there were no skid marks at the scene. The defendant's air bag deployed. The plaintiff's car was not equipped with an air bag. The driver's seat was broken by the force of the impact and the plaintiff could only exit her car through a window. The plaintiff described the sound of the two cars colliding as the loudest noise she had ever heard and felt immediate pain in her back which she described as a ten on a scale of one to ten. Both parties were taken to the hospital by ambulance. Both vehicles were towed from the scene with over $10,000.00 property damage to each vehicle.
At the time of the accident the plaintiff was twenty-three years of age and had a life expectancy of 52 years. She was a third year college student pursuing a B.A. degree in cultural anthropology and had been accepted to graduate school. The plaintiff's testimony was convincing and credible.
The plaintiff sustained the following physical injuries: a bulging disc syndrome of the lumbar spine, sprain and strain of the lumbosacral spine, right knee trauma and sprain, and medial tibia trauma. See plaintiff's exhibits one to six. In addition, CT Page 3881 the plaintiff incurred medical expenses of approximately $6,000.00.[1]
Prior to the accident, the plaintiff was employed as a house cleaner and babysitter earning approximately $150.00 per week. As a result of her injuries the plaintiff was unable to return to work cleaning houses for approximately twenty-one months. Because of the chronic pain in her lower back, the plaintiff has been unable to engage in many of life's activities.
"In passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at a verdict. The juror must use all his experience, his knowledge of human nature, his knowledge of human events, past and present, his knowledge of the motives which influence and control human action, and test the evidence in the case according to such knowledge and render his verdict accordingly. . . . The trial judge in considering the verdict must do the same . . . and if, in the exercise of all his knowledge from this source, he finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption or partiality, then it is his duty to set aside that verdict and to grant a new trial. . . . A mere doubt of the adequacy of the verdict is an insufficient basis for such action. . . . A conclusion that the jury exercised merely poor judgment is likewise insufficient. . . . The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." (Internal quotation marks omitted.) Gladu v. Sousa, 252 Conn. 190, 190-93 ___ A.2d ___ (2000).
"Litigants have a constitutional right to have factual issues resolved by the jury. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court. . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury. . . . The size of the CT Page 3882 verdict alone does not determine whether it is excessive." (Citations omitted; internal quotation marks omitted.) Gaudio v.Griffin Health Services Corp. , 249 Conn. 523, 550-51,733 A.2d 197 (1999). "The verdict must be set aside if we determine that the jury could not have reasonably concluded that such conduct legally caused the plaintiff's injuries." Paige v. Saint Andrew'sRoman Catholic Church Corp. , 250 Conn. 14, 26, 734 A.2d 85
(1999). "[I]f the jury could reasonably have reached its conclusion, the verdict must stand, even if this court disagrees with it. . . .
"[T]he plaintiff in a civil matter is not required to prove his case beyond a reasonable doubt; a mere preponderance of the evidence is sufficient." (Citations omitted; emphasis in original: internal quotation marks omitted.) Gaudio v. GriffinHealth Services Corp. , supra. 249 Conn. 534-35. "Similarly, [t]he credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. . . . In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." (Citation omitted: internal quotation marks omitted.)Childs v. Bainer, 235 Conn. 107, 112-13, 663 A.2d 398 (1995). "The trial court may order a remittitur if it concludes, as a matter of law, that the verdict is excessive." PresidentialCapital Corp. v. Reale, 231 Conn. 500, 510, 652 A.2d 489 (1994).
The defendant moves to set aside the verdict on the grounds that the verdict was excessive, contrary to the law and evidence presented, and influenced by the court's ruling allowing submission to the jury of evidence of permanency. Specifically, the defendant argues that the plaintiff's testimony regarding her employment as a house cleaner, and subsequent inability to work after the accident, was insufficient to support the award for lost wages. The defendant also argues that there was insufficient evidence presented to support the jury's award for non-economic damages. The defendant also argues that the testimony of Dr. Herbert Hermele, an orthopaedic surgeon, should not have been submitted to the jury because it required speculation as to the permanency of the plaintiff's disability. The defendant's final claim is that the references, by plaintiff's counsel, to the jury regarding the absence of an independent medical examination (IME) was prejudicial.
The plaintiff argues, in response, that the awards for economic CT Page 3883 and non-economic damages are supported by the evidence. Specifically, the plaintiff argues that the jury credited the plaintiff's testimony regarding her lost wages and the chronic pain that resulted from her injuries. Moreover, the plaintiff argues that Dr. Hermele's testimony corroborated the plaintiff's claims of chronic pain and her inability to participate in both normal and physical activities. The plaintiff further argues that while the defendant's failure to obtain an IME is not dispositive, it is evidence that the prima facie case was not rebutted.
In the present case, the plaintiff provided unrebutted testimony that prior to the motor vehicle accident she worked as a house cleaner, earning approximately 150.00 per week. The jury could reasonably have found that the plaintiff suffered lost earnings by crediting her testimony that because of her injuries she was unable to resume cleaning houses for twenty-one months. Furthermore, the jury heard Dr. Hermele's testimony that the plaintiff sustained a five percent permanent impairment of her lower back as a result of the collision. Dr. Hermele also testified that the plaintiff's claimed pain and inability to participate in certain activities was consistent with her injuries. Dr. Hermeles testimony was butressed by his February 1, 1999 medical report, plaintiff's exhibit 6, which states: "Diagnosis: Bulging lumbar disc syndrome. She has reached the point of maximum medical improvement. She has a 5% permanent impairment of her low back." The jury could reasonably have found that the plaintiff's chronic pain resulted in forced unwanted changes in her lifestyle, such as an inability to participate in sports and other physical activities, and the pursuit of a career as a cultural anthropologist.
It is the jury that determines the credibility of witnesses and the weight to be accorded to their testimony. See Childs v.Bainer, supra, 235 Conn. 112. Since the plaintiff's testimony regarding the nature of her injuries was corroborated by Dr. Hermele and unrebutted, it is the province of the jury to accept or reject it. See Gaudio v. Griffin Health Services Corp. , supra,249 Conn. 551. Here the award is not so clearly against the weight of the evidence to indicate that the jury did not correctly apply the law to the facts in evidence, or was governed by ignorance, prejudice, corruption or partiality. See Gladu v.Sousa, supra, 252 Conn. 192. Indeed, because the evidence presented could reasonably support the jury's award, the size of the verdict does not shock the court's sense of justice. See CT Page 3884Gladu v. Sousa, supra, 252 Conn. 193.
This court finds that the jury's award of $18,000.00 for economic damages, and $112,000.00 for non-economic damages is not excessive, contrary to the evidence or to the law. Accordingly, based upon the foregoing, the defendant's motion to set aside the verdict, motion in arrest of judgement and/or motion for remittitur is denied.
BALLEN, JUDGE TRIAL REFEREE