[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a motion to set aside the verdict as to damages only and for additur where the jury awarded economic damages against one of two defendants for the plaintiff's personal injuries but awarded no non-economic damages. G.S. § 52-228b.
The basis for the plaintiff's request is twofold: first, the plaintiff argues that where a jury awards economic damages in the exact amount claimed, implicit in that verdict is a finding that the defendant was the proximate cause of the injuries. Second, it is argued that a verdict is inadequate and therefore manifestly unjust when a jury compensates an injured plaintiff for all of the medical expenses (special damages) yet fails to compensate the plaintiff for any pain and suffering which must necessarily have accompanied the injuries. Jefferies v. Johnson,27 Conn. App. 471, 476 (1992). CT Page 3682
Our Supreme Court's retreat from the long standing categorical rule announced in Johnson v. Franklin, 112 Conn. 228 (1930), beginning in Childs v. Bainer 235 Conn. 113, (1995) and culminating in Wichers v. Hatch, 252 Conn. 174 (2000) now makes it clear that a verdict such as was returned in this case is no longer inadequate as matter of law but rather should be evaluated on a case specific basis. In performing that exercise this court restates and applies familiar principles. "It is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is palpably against the evidence. . . . MalmbergLopez, 208 Conn. 675, 679-80, 546 A.2d 264 (1998). The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks in [sic] the sense of justice as to compel the conclusion that the jury [was] influenced by partiality, mistake or corruption. . . . Wood v. Bridgeport,216 Conn. 604, 611, 583 A.2d 124 (1990)." (Internal quotations marks omitted.) Childs v. Bainer, supra, 235 Conn. 113-114.
Nevertheless, we are engaged in balancing the rights of both parties. "Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair minded persons as to the amount that should be awarded. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair minded men passed upon by the jury and not by the court." (Internal quotation marks omitted.) Id. at 112. Gladu v. Sousa,52 Conn. App. 796, 799-800 (1999).
The plaintiff argues that the facts present and the result reached in Wichers are distinguishable from the facts of this case. In Wichers, the evidence showed that at the time of the accident the plaintiff was suffering from a preexisting condition of arthritis and spondylosis, both degenerative conditions for which he was receiving ongoing treatment. In contrast, he asserts that the only evidence of what his condition was at the time of this accident was his own testimony that the injuries which he suffered in a 1994 automobile accident had completely resolved themselves by the time he became involved in the current accident in 1996. CT Page 3683
The defendant argues that the jury had before it the complaint which the plaintiff filed as a result of the prior accident (Defendant's Exhibit A). The defendant notes that that complaint is dated September 10, 1996, approximately three weeks after the date of the accident in this case. The defendant invites the court to compare the allegations of injuries in that complaint to the corresponding allegations in the complaint in this case. In doing so the court notes that in both complaints the plaintiff alleged, among other injuries, cervical strain, lumbosacral strain and mental pain and suffering. In addition, the plaintiff alleged a strain or sprain of his right foot. The evidence showed that he had previously injured that foot in 1979 in a motor vehicle accident to such an extent that metal screws had to be inserted into the ankle. Notwithstanding, the evidence showed that he had no limitation of motion or discomfort in the ankle at the time of the subject accident.
Because of the plaintiff's 1996 lawsuit there was a reasonable basis in this case for the jury to have inferred that the pain and suffering which the plaintiff suffered and the permanent partial disability to his cervical spine were proximately caused not by this collision but rather by the 1994 collision and that the discomfort experienced in his right ankle was a result of the presence of the metal screws which had been inserted in his ankle.
It is the jury's right to consider evidence, draw logical deductions and make reasonable inferences from the facts proved.Dacy v. Connecticut Bar Association, 170 Conn. 520, 540 (1976). It may accept or reject the testimony of any witness; Zarembskiv. Three Lakes Park, Inc., 177 Conn. 603, 608 (1979); and determine the weight to be given the evidence. Angelica v.Fernandez, 174 Conn. 534, 535 (1978).
The jury in this case acted in accordance with these principles and not out of partiality, mistake or corruption. Wood v.Bridgeport, 216 Conn. 604, 611 (1990).
The motion is denied.
BY THE COURT,
Mottolese, Judge CT Page 3684