[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT OR FOR ADDITUR
In this case involving a real-end collision, the defendant admitted liability. The case proceeded as a heating in damages before a jury. The jury returned a verdict for the plaintiff, Roger LaFrance, in the amount of $3417.56 for post-economic damages but did not award any non-economic damages. The total jury award was $3417.56 in favor of the plaintiff Roger LaFrance. The jury did not award any damages for the plaintiff Kathleen LaFrance.
The plaintiffs have filed a motion to set aside the verdict or for additur claiming the verdict was inadequate and against the evidence and the law.[1] The defendant opposes the motion.
At oral argument before the undersigned in March, 2000, the plaintiff concedes that the verdict is legally adequate per Wickers v. Hatch,252 Conn. 174, (2000).
"In passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at a verdict. The juror must use all his experience, his knowledge of human nature, his knowledge of human events, past and present, his knowledge of the motives with influence and control human action, and test the evidence in the case according to such knowledge and render his verdict accordingly. . . . The trial judge in considering the verdict must do the same . . . and if, in the exercise of all his knowledge from this source, he finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in CT Page 7344 evidence in the case, or were governed by ignorance, prejudice, corruption or partiality, then it is his duty to set aside that verdict and to grant a new trial. . . . A mere doubt of the adequacy of the verdict is an insufficient basis for such action . . . . A conclusion that the jury exercised merely poor judgement is likewise insufficient. . . . The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." (Internal quotation marks omitted.) Gladu v. Sousa, 252 Conn. 190,192-193, (2000).
"Litigants have a constitutional right to have factual issues resolved by the jury . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trail by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not the court. . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury."
"Similarly, [t]he credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. . . . In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." (Citation omitted; internal quotation marks omitted.) Childs v. Bainer,235 Conn. 107, 112-13, 663 A.2d 398 (1995).
Although the defendant admitted liability, he "hotly contested" the severity of the plaintiff Roger LaFrance's injuries. The award of economic damages in the amount of $3417.56 represents the total amount of the medical bills incurred by the plaintiff, Roger LaFrance. However, a substantial amount thereof represents charges by Dr. Lewis, an orthopedic surgeon, for evaluation only. Dr. Lewis testified that he did not treat the plaintiff, Roger LaFrance. Further there was some confusion regarding the Dr. Lewis' assessment of a permanent partial disability, which the jury could have taken into consideration.
The balance of the medical bills incurred by the plaintiff Roger LaFrance was for four chiropractic visits, two of such visits were shortly after the motor vehicle accident in question and two of such visits were three and four months after said accident.
In addition there was credible evidence that the plaintiff incurred CT Page 7345 similar injuries in accidents before and after the accident involved in this case, which the jury could have taken into consideration.
Based on the foregoing, this court cannot conclude the verdict was against the evidence and therefore the plaintiff Roger LaFrance' s motion to set aside the verdict is denied.
General Statutes § 52-216a provides in relevant part: "Adjustments for excessive or inadequate verdicts permitted. . . . If the court concludes that the verdict is adequate as a matter of law, it shall order an additur, and upon failure of the party so ordered to add the amount ordered by the court, it shall set aside the verdict and order a new trial."
In ruling on a motion for additur, the trial court should consider whether (1) the jury award shocks the conscience; (2) the plaintiff who has proved substantial injuries is awarded inadequate damages; and (3) whether the verdict is inherently ambiguous. See Childs v. Bainer,235 Conn. 107, 114-115, 663 A.2d 398 (1995).
"[T]he common law of [Connecticut] does not recognize the principle that awards limited to economic damages are inadequate as a matter of law and must be set aside, or the principle that a fact finder must award non-economic damages." (Internal quotation marks omitted.) Wichers v.Hatch, 252 Conn. 174, 183, ___ A.2d ___ (2000). "Rather than decide that an award of only economic damages is inadequate as a matter of law, the jury's decision to award economic damages and zero non-economic damages is best tested in light of the circumstances of the particular case before it. Accordingly, the trial court should examine the evidence to decide whether the jury reasonably could have found that the plaintiff had failed in his proof of the issue. That decision should be made, not on the assumption that the jury made a mistake, but, rather, on the supposition that the jury did exactly what it intended to do." Wichers v.Hatch, supra, 252 Conn. 188-89.
This court concludes that the jury in this case did exactly what it intended to do and the decision not to award non-economic damages is entirely plausible and consistent with the evidence presented in this case. This court declines to award an additur.
JOHN W. MORAN, JUDGE