[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This personal injury case arose out of a motor vehicle accident on March 9, 1996, in Hartford, Connecticut. It was tried to the jury on June 8 and 10, 1999, and resulted in a plaintiffs verdict on count one (negligence), and a defendant's verdict on counts two and three, common law and statutory recklessness, respectively. Although the plaintiff claimed medical bills totaling $4054.88, primarily for injuries to her low back and neck, and a modest amount of lost wages for time out of work several months after the accident, the jury awarded a total of $2742.38 in economic damages and no noneconomic damages. Liability and damages were contested on all three counts.
The plaintiff now moves to set aside the verdict on the grounds that certain questions by defense counsel allowed by the court over objection relating to prior and subsequent accidents prejudiced the jury against the plaintiff. The plaintiff also argues that, she was further prejudiced by remarks made by defense counsel during closing argument accusing her of being litigious because she asserted claims relating to those accidents which were settled. No objection was made by the plaintiff either during the defendant's closing argument or upon its conclusion.
The plaintiff further moves for an additur claiming that the failure of the jury to award any noneconomic damages renders the verdict inadequate as a master or law. The defendant counters that the jury was not required to award noneconomic damages, citing the recent Supreme Court decision inWichers v. Hatch, 252 Conn. 174, 188-190, 745 A.2d 789 (2000), and that the plaintiff presented little or no evidence of compensable pain and suffering. The defendant further claims that any remarks his counsel may have made during closing argument were supported by the evidence.
Since the plaintiff did not object to defendant's closing argument at a time when the court would have been able to give a curative instruction CT Page 12370 and because there was evidence substantially in support of the defendant's remarks, the court rejects the plaintiffs claim that the jury was improperly prejudiced either by the admission into evidence of similar claims made by the plaintiff arising out of prior and subsequent motor vehicle accidents or by the defendant's closing argument. However, the court does find that the failure of the jury to award any noneconomic damages is against the weight of the undisputed evidence in the case SQ as to indicate that the jury did not correctly apply the law to the evidence and "so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." Wichers v. Hatch, supra, 252 Conn. 187. See also Gladu v.Sousa, 52 Conn. App. 796, 727 A.2d 1286 (1999), aff'd, 252 Conn. 190,745 A.2d 798 (2000).
In reaching the foregoing conclusion, the court considered the following undisputed facts. The plaintiff was rear-ended by the defendant who was traveling less than 50 miles per hour but could have been going 40 miles per hour in snowy, slushy conditions. The defendant was not sure of his speed because he got pushed by a third car from behind. The force of the impact to the plaintiffs car caused obvious substantial property damage as illustrated by Plaintiff's Exhibits 25, 26, 27. The plaintiff was approximately six months pregnant at the time of the accident and the impact caused her to hit her stomach on the steering wheel. She was taken by ambulance to the St. Francis Hospital in Hartford where, among other treatment, she was reported as anxious and kept on a fetal monitor for several hours and then released. While at the hospital, there was a period of time when she did not feel the baby move and, medical personnel had difficulty, at least initially, locating the baby's heartbeat during an ultrasound. Although the doctor told the plaintiff upon her discharge from the hospital that he thought the baby was fine, she made an extra appointment with her own obstetrician and continued to worry until the baby was born on June 25, 1996. Following the accident, the plaintiff treated with an orthopedic surgeon, a pain clinic and a chiropractor for neck and low back pain.
The plaintiff claimed medical expenses as follows:
 Ambulance $ 308.00 St. Francis Hospital 1,301.88 Dr. Robert W. McAlister (orthopedic surgeon) 191.00 Nutmeg Medical Pain and Diagnostic Center 324.00 Shaw Chiropractic (21 visits) 1,930.00
Total $4,054.88
The plaintiff further claimed lost wages for several days of work CT Page 12371 missed in October 1997, long after the accident. There was no lost wage claim around the time of the accident because she was not working. The jury awarded a total of $2742.38, or approximately 68% of the total economic damages claimed, and rejected the plaintiffs claim for noneconomic damages for pain and suffering, mental suffering or interference with life's activities.
Applying the "case-specific" standard articulated by the Supreme Court in Wichers v. Hatch, supra, 252 Conn. 188, while the jury may have rejected the plaintiffs claim of additional pain and physical suffering arising out of the March 9, 1996, accident in light of her prior and subsequent claims of similar injury,[1] there was a clear and undeniable causal connection between the defendant's negligence found by the jury and the mental suffering experienced by plaintiff relating to the well being of her unborn child which was uncontested by the defendant. Therefore, based on the foregoing examination of the evidence, the court finds that the jury could not have reasonably found that the plaintiff failed in her proof of damages for mental suffering because her mental suffering was undisputed and clearly arose out of only this accident. Therefore, the failure of the jury to award any noneconomic damages is "clearly against the weight of the evidence in the case. As the Supreme Court has stated, the test to be applied to the verdict "is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." (Internal quotation marks omitted.) Wichers v. Hatch,
supra, 252 Conn. 187.
Consequently, the court finds that the zero noneconomic damage award was inadequate as a matter of law and noneconomic damages should be awarded for all the anxiety and fear the plaintiff suffered proximately caused by the defendant's negligence for that period of time immediately following the accident until the birth of her healthy child on June 25, 1996.
Accordingly, the court having found that the noneconomic damage award is inadequate as a matter of law, it hereby orders an additur to the jury verdict of $5,000. Since there does not appear to be ambiguity in the jury's verdict as to liability, justice does not require that both liability and damages be retried. See Fazio v. Brown, 209 Conn. 450,545 A.2d 1103 (1988). The defendant rear-ended the plaintiffs car because he was admittedly traveling too fast in snowy, slushy conditions on a heavily traveled road and pleaded guilty to the motor vehicle charge of traveling unreasonably fast in connection with the accident. Further, there was no claim of contributory negligence asserted against the CT Page 12372 plaintiff. Therefore, the issues of liability and damages are not so "inextricably interwoven" as to mandate a new trial of both issues. Faziov. Brown, supra, 209 Conn. 456-57.
The question remains as to whether or not the issue on a retrial should be both economic and noneconomic damages. There is precedent to order a new trial limited to the issue of one type of damages or the other.Gaudio v. Griffin Health Services Corp., 249 Conn. 523, 556, 733 A.2d 197
(1999)("In the event that the plaintiff fails to file a remittitur . . ., then the judgment awarding economic damages is set aside and a retrial is ordered, limited to the issue of economic damages.") In this case, in awarding less than full economic damages, the court can infer that the jury carefully scrutinized the elements of economic damages claimed and awarded approximately 68% of the total. The plaintiff claimed no economic damages relating to mental suffering. Given her prior and subsequent claims of injury to her neck and low back, the jury simply could have accepted the plaintiff treatment for her physical symptoms to a point and then rejected it thereafter. There is therefore good reason to accept their economic damage award and equally good reason to accept their rejection of her claim of noneconomic damages for physical pain and suffering arising out of this accident. However, there was no reasonable explanation, other than "partiality, prejudice, mistake or corruption," for the jury to entirely reject the plaintiffs claim of noneconomic damages for mental suffering in connection with the uncertain outcome of her pregnancy for the time period from March 9, 1996 and June 25, 1996, when her healthy baby was born. Wichers. v. Hatch, 252 Conn. 187.
Therefore, unless the parties agree to the additur sum within thirty (30) days of this order, the jury verdict is set aside as to noneconomic damages only and a new trial is ordered, limited to the issue of noneconomic damages.
Peck, J.