[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 8023
On April 10, 2001, the jury awarded the plaintiff, Robin Stillman, economic damages in the amount of $5,000.00 and non-economic damages in the same amount.
Among the many issues of this trial was the extent of physical injury to the plaintiff, permanent partial disability, reasonable medical care and treatment, pain and suffering and loss of life's enjoyments. The plaintiff claimed she had a permanently impaired cervical-thoracic spine and headaches. This condition was testified to by the plaintiff and her attending chiropractic physician. The credibility of the plaintiff and her attending chiropractic physician, however, was highly contested.
The plaintiff claimed medical bills and expenses including chiropractic treatment over several years. Again the credibility of the plaintiff and her chiropractic physician was at issue. The defendant's chiropractic physician contradicted the reasonableness and legitimacy of many of the treatments and expenses. He especially pointed out that chiropractic treatment is curative for the first few visits, perhaps several months, however it loses its curative qualities and becomes merely palliative after several months. This is especially so when the chiropractic treatment is sustained over several years. Thus, the jury could have reasonably found that the plaintiff's medical bills and expenses were not medically reasonable and necessary.
Other than the plaintiff's claims of physical impairment and pain and suffering, the plaintiff did not introduce any specific evidence regarding loss of life's enjoyment except as inferential and circumstantial statements. Again, the plaintiff's credibility was at issue. The jury could have reasonably found that the plaintiff did not experience a loss of life's enjoyment.
The defendant admitted liability and the matter proceeded as a hearing in damages. The defendant has moved to set aside the verdict. The court, on April 4, 2001, reserved decision on the plaintiff's motion for directed verdict.
The plaintiff has also moved to set aside the verdict as to damages and for additur, claiming that the award for $5000 in non-economic damages was inconsistent with the evidence in the case.
DEFENDANT'S MOTION TO SET ASIDE THE VERDICT
"Pursuant to Practice Book §§ 16-35 and 16-37, the trial court has the power to set aside a jury verdict that is contrary to law." LevineCT Page 8024v. Darrow, Superior Court, Complex Litigation Docket at Waterbury, Docket No. 146670 (April 18, 2001, Hodgson, J.) (27 Conn.L.Rptr. 83), citingPaige v. Saint Andrew's Roman Catholic Church Corp., 250 Conn. 14, 17
(1999); Labbe v. Pension Commission, 239 Conn. 168, 191-92 (1996);Salaman v. Waterbury, 44 Conn. App. 211, 214 (1997). "Practice Book § 16-37 provides that where the court reserves decision on a motion for directed verdict, the judicial authority `may set the verdict aside and either order a new trial or direct the entry of judgment as if the requested verdict had been directed.'" Levine v. Darrow, supra,27 Conn.L.Rptr. 83.
"A trial court may set aside a verdict on a finding that, given the evidence presented, the jury mistakenly applied a legal principle or because there is no evidence to which the legal principles of the case could be applied." Id., citing John T. Brady Co. v. Stamford,220 Conn. 432, 441 (1991); Novak v. Scalesse, 43 Conn. App. 94, 97-98
(1996); Maroun v. Tarro, 35 Conn. App. 391, 396, cert. denied,231 Conn. 926 (1994).
The defendant contends that the plaintiff did not, as a matter of law, establish that she had sustained a serious injury as required under New York Law (the accident had occurred in New York and the parties agreed that The New York Motor Vehicle Insurance Reparations Act applied). The plaintiff has objected thereto.
"In passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at a verdict. The juror must use all his experience, his knowledge of human nature, his knowledge of human events, past and present, his knowledge of the motives which influence and control human action, and test the evidence in the case according to such knowledge and render his verdict accordingly. . . . The trial judge in considering the verdict must do the same . . . and if, in the exercise of all his knowledge from this source, he finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption or partiality, then it is his duty to set aside that verdict and to grant a new trial. . . . A mere doubt of the adequacy of the verdict is an insufficient basis for such action. . . . A conclusion that the jury exercised merely poor judgment is likewise insufficient. . . . The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." Gladuv. Sousa, 252 Conn. 190, 192-93 (2000). CT Page 8025
"Litigants have a constitutional right to have factual issues resolved by the jury. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issuesof facts as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court." (Internal quotation marks omitted; emphasis added.) Gaudio v. GriffinHealth Services Corp., 249 Conn. 523, 550 (1999).
The court finds that the plaintiff proffered sufficient medical evidence to raise a triable issue as to whether she suffered a serious injury. The degree of limitation of use of her body function was put at issue by the reports and testimony of the physicians who examined the plaintiff. The fact that the defendant's Independent Medical Examiner (IME) physician, Dr. Schweitzer, opined that there is no significant limitation does not negate the issue of fact to be determined at trial. See Tompkins v. Burtnick,236 App.Div.2d 708,652 N.Y.S.2d 911 (A.D. 3 Dept. 1997); Bates v. Peeples,171 App.Div.2d 635,566 N.Y.S.2d 659 (A.D. 2 Dept. 1991).
"[I]f the jury could reasonably have reached its conclusion, the verdict must stand. . . ." Gaudio v. Griffin Health Services Corp., supra, 249 Conn. 534. "Similarly, [t]he credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. . . . In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." (Citation omitted; internal quotation marks omitted.) Childs v. Bainer,235 Conn. 107, 112-13 (1995).
Accordingly, the defendant's motion to set aside the verdict is denied.
PLAINTIFF'S MOTION TO SET ASIDE VERDICT AND FOR ADDITUR
The court finds that the award of non-economic damages in this case falls somewhere within the necessarily uncertain limits of fair, just and reasonable compensation. The court further finds that the verdict of non-economic damages does not so shock the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. This court finds that the evidence amply and plausibly supports a fair, just and reasonable jury award of non-economic damages in the amount of $5000.
"[It] is the court's duty to set aside the verdict when it finds that "It does manifest injustice and is . . . palpably against the evidence." CT Page 8026Boyce v. Allstate Insurance, 236 Conn. 375, 382 (1996).
"The Supreme Court measured the discretion of a trial court in ruling on a motion for additur, considering whether (1) the jury award shocks the conscience; (2) the plaintiff who has proved substantial injuries is awarded inadequate damages; and (3) whether or not the verdict is inherently ambiguous." (Emphasis added.) Nesto v. Vinci, Superior Court, judicial district of New Haven at Meriden, Docket No. 258075 (January 27, 1999, Dorsey, J.T.R.), citing Childs v. Bainer, supra,235 Conn. 114-15. (Emphasis added.) "The court stated that the existence of conflicting evidence limits the court's authority to overturn a jury verdict. The jury is entrusted with the choice of which evidence is more credible and what effect it is to be given." Nesto v. Vinci, supra, Docket No. 258075, citing Ford v. Blue Cross and Blue Shield ofConnecticut, Inc., 216 Conn. 40, 58 (1990).
"The amount of damages awarded is peculiarly within the province of the trier of fact with the question [being] whether, [based] on the evidence, the jury could have reasonably decided as they did." Nesto v.Vinci, supra, Docket No. 258075.
"The power to order an additur to a jury verdict rests within the discretion of the trial court. General Statutes § 52-216a provides in pertinent part: [i]f the court concludes that the verdict is inadequate as a matter of law, it shall order an additur. . . . The decision to deny a motion for additur is a matter of judicial discretion." (Citations omitted; intemal quotation marks omitted.) Selmani v. Melluzzo, Superior Court, judicial district of Waterbury, Docket No. 121873 (February 18, 1999, Pellegrino, J.).
"While motions for additur rest within the discretion of the trial court, a great amount of deference is given to jury verdicts because as the trier of fact the jury weighs the credibility of the witnesses and evidence presented. The credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. . . . Courts rightly accord great deference to a jury's award of damages, whether the amount awarded is large or small. . . . Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury." (Citations omitted; internal quotation marks omitted.)Selmani v. Melluzzo, supra, Docket No. 121873.
"Generally, jury verdicts pertaining to damages will not be upset if CT Page 8027 the verdict was based upon some evidence which reasonably led to their conclusion. . . . The court must avoid the temptation to substitute its own judgment for that of the jury whether it believes the verdict to be high or low. As noted, even a conclusion that a jury exercised merely poor judgment, or ought to have decided otherwise, is no basis for disturbing a jury's judgment." (Citations omitted; internal quotation marks omitted.) Id.
"Deference to jury verdicts is particularly strong where the evidence is contested, such as in this case. The jury verdict will be upheld as long as it is reasonably based on the evidence presented. . . . The existence of conflicting evidence limits the court's authority to overturn a jury verdict. The jury is entrusted with the choice of which evidence is more credible and what effect it is to be given. . . . On issues where the evidence allows room for reasonable differences of opinion among fair-minded people, if the conclusion of the jury is one that reasonably could have been reached, it must stand even though the trial court might have reached a different result. Id.
Moreover, the jury is not bound to credit all the evidence presented. "The jury is under no obligation to credit the evidence proffered by any witnesses, including. . . ." (Citations omitted.) Mather v. GriffinHospital, 207 Conn. 125, 145, 540 A.2d 666 (1988).
The court will not substitute its judgment for that of the jury. The plaintiff's motion for additur and the motion to set aside the verdict is, therefore, denied.
Cremins, J.