[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE POSTTRIAL MOTIONS
In this real-end collision personal injury claim, the defendant admitted liability. The case was therefore tried as a hearing in damages before a jury over several days in September, 2001. The jury returned a verdict in favor of the plaintiff, Richard E. Frazier, for economic damages only in the amount of $4,294.90. The jury did not award any non-economic damages and no damages of any kind to the plaintiff Marcy Frazier for her loss of consortium claim.
The plaintiffs have filed this motion to set aside the verdict or for additur,[1] claiming the verdict was inadequate as to the first named plaintiff, Richard Frazier and against the evidence and the law. They make no claims on behalf of Marcy Frazier. The defendant opposes the motion. Each party filed memoranda of law regarding their claims and the matter was heard by the court. The plaintiff claims that the verdict is so inadequate that it shocks the sense of justice as to what is reasonable. The defendant argues that the verdict is sufficient as a matter of law and supported by the evidence. For the reasons set forth in detail below, the court denies the motion.
LAW
The task for the court in considering such a motion is fully set out in the case of Gladu v. Sousa, 252 Conn. 190, 192-193, 745 A.2d 798 (2000), which stated that:
 "In passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at a verdict. The juror must use all his experience, his knowledge of human nature, his knowledge of human events, past and present, his CT Page 1297-cf knowledge of the motives with influence and control human action, and test the evidence in the case according to such knowledge and render his verdict accordingly. . . . The trial judge in considering the verdict must do the same . . . and if, in the exercise of all his knowledge from this source, he finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts and evidence in the case, or were governed by ignorance, prejudice, corruption or partiality, then it is his duty to set aside that verdict and to grant a new trial. . . . A mere doubt of the adequacy of the verdict is an insufficient basis for such action. . . . A conclusion that the jury exercised merely poor judgement is likewise insufficient. . . . The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." (Internal citations and quotation marks omitted.)
The recent case of Wichers v. Hatch, 252 Conn. 174, 748 A.2d 789 (2000) established that even though a jury may award a plaintiff the full economic damages claimed, it is under no obligation to award non-economic damages as well, overturning an earlier rule that had been so interpreted. As has been oft repeated:
 "Litigants have a constitutional right to have factual issues resolved by the jury . . . This right is the one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not the court. . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury." (Citations and internal quotation marks omitted) Childs v. Bainer, 235 Conn. 107, 112, 663 A.2d 398 (1995).
CT Page 1297-cg The Childs court continued on to note that:
 "Similarly, [t]he credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. . . . In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." (pps. 112-113.)
FACTS AND DISCUSSION
Although the defendant admitted liability in the case before the court, he strongly contested the severity and duration of the plaintiff's injuries. The award of economic damages in the amount of $4,294.90 represents the total amount of the medical bills incurred by the plaintiff, Richard Frazier.
The court has reviewed the exhibits and notes of the testimony and considered them in the light most favorable to supporting the jury's verdict. There was evidence that this was a low impact collision with little property damage. The plaintiff reported to the investigating police officer that he was not injured and also testified that he did not miss significant time from work as a result of the collision. A review of the medical records also supports the jury's conclusions. The MRI study and the x-rays are negative in that no injuries were detected. There was credible evidence that the plaintiff had degenerative changes to his cervical spine over time. While the plaintiff's expert provided a 7% permanent partial disability rating to his neck and shoulder, there was evidence by the Defendant's expert, Dr. Shea, that this rating was not properly assessed because of the subjective complaints of pain. Dr. Shea himself also provided a permanency rating of 5%. He testified at his deposition that he could not determine if the restricted range of motion he observed pre-dated this accident. It was his opinion that it would be an unusual individual who, at the plaintiff's age of 67 years, did not have some restriction in his range of motion. The jury could have taken all these facts into consideration as well as the fact that his earnings were not impacted by the accident to reach its conclusions.
Based on these facts, the court cannot conclude that the jury's verdict was against the evidence and therefore the plaintiffs' motion to set aside the verdict is denied. The jury in this case did exactly what it intended to do and the decision not to award non-economic damages is entirely plausible and consistent with the evidence presented in this case. This court also declines to award an additur. CT Page 1297-ch
BY THE COURT
BARBARA M. QUINN Judge