[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE POSTTRIAL MOTIONS
After a jury trial regarding a motor vehicle collision culminating in verdicts awarding the plaintiffs their medical expenses, the plaintiffs brought a motion to set aside the verdicts and for a new trial. The jury returned verdicts in favor of the plaintiffs, Holly and Irene Cyr, for economic damages only in the amounts of $6,461.75 and $4,519.60 respectively. The jury did not award any non-economic damages. No damages of any kind were awarded to the plaintiff Marcel Cyr for his loss of consortium claim.
At oral argument, the court denied the motion with respect to any claims of juror misconduct, which the plaintiffs conceded were waived by them at the time the potential problem had been brought to their attention. The second prong of the plaintiffs' motions were that there was evidence of pain and suffering and that, of necessity, if the jury awarded the economic damages, they must have given credence to at least a period of pain and suffering which the plaintiffs experienced. Because there were no amounts awarded for pain and suffering, they claim, the jury's awards were against the evidence. The verdicts should therefore be set aside and a new trial ordered.
The defendant counters these arguments concerning pain and suffering by pointing to evidence it claims demonstrates that the plaintiffs were not CT Page 1614 truthful about the nature and extent of their injuries as reflected in the differing reports over time to their medical providers. The jury could have concluded, it claims, that these medical reports, based as they were on the plaintiffs' own reports to their providers, were not truthful as well. For the reasons set forth in detail below, the court denies the motions.
 1. LEGAL STANDARD
The task for the court in considering a motion to set aside a jury verdict is fully set out in the case of Gladu v. Sousa, 252 Conn. 190,192-193, 745 A.2d 798 (2000), which stated that:
 "In passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at a verdict. The juror must use all his experience, his knowledge of human nature, his knowledge of human events, past and present, his knowledge of the motives with influence and control human action, and test the evidence in the case according to such knowledge and render his verdict accordingly. . . . The trial judge in considering the verdict must do the same . . . and if, in the exercise of all his knowledge from this source, he finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts and evidence in the case, or were governed by ignorance, prejudice, corruption or partiality, then it is his duty to set aside that verdict and to grant a new trial. . . . A mere doubt of the adequacy of the verdict is an insufficient basis for such action. . . . A conclusion that the jury exercised merely poor judgement is likewise insufficient. . . . The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." (Citations omitted; internal quotation marks omitted.)
The recent case of Wichers v. Hatch, 252 Conn. 174, 748 A.2d 789 (2000) established that even though a jury may award a plaintiff the full CT Page 1615 economic damages claimed, it is under no obligation to award non-economic damages as well, overturning an earlier rule that had been so interpreted. As has been oft repeated:
 "Litigants have a constitutional right to have factual issues resolved by the jury . . . This right is the one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not the court . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury." (Citations omitted; internal quotation marks omitted.) Childs v. Bainer, 235 Conn. 107, 112, 663 A.2d 398 (1995).
The Childs court continued on to note that:
 "Similarly, [t]he credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. . . . In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." (pp. 112-113.)
 II. FACTS AND DISCUSSION
The court has reviewed the exhibits, paying particular attention to those claimed by the plaintiffs to support their contentions and its notes of the testimony. The court has considered the evidence in the light most favorable to supporting the jury's verdict. There was evidence that this was a low impact collision with little property damage. The plaintiff Irene Cyr was able to drive the vehicle involved from the accident scene to her home. As the defendant pointed out, the plaintiffs made differing reports to the medical providers about the injuries over time and during their testimony. The jury could have concluded, even though Holly and Irene Cyr were each injured in this collision, the severity of their injuries and their pain and suffering was different from what they represented. Their assessment of pain and suffering would have been impacted as well. A review of the medical records also supports the jury's conclusions. The testimony concerning the loss of consortium claim was similarly not entirely persuasive and the jury could have CT Page 1616 concluded that the plaintiff had not met his burden of proof concerning these claims.
Based on these facts, the court finds that the evidence supports the jury's verdicts. Therefore, the plaintiffs' motion to set aside the verdicts and for a new trial is denied. The jury in this case did exactly what it intended to do and the decision not to award non-economic damages is entirely plausible and consistent with the evidence presented.
BY THE COURT
BARBARA M. QUINN Judge