[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ADDITUR AND TO SET ASIDE NO. 115
In this case the jury returned a verdict in favor of the plaintiff. Economic damages in the amount of $3,285 and noneconomic damages in the amount of $1,715 for a total of $5,000 were awarded.
The plaintiff moved for additur or alternatively, for a new trial on the issue of damages. The grounds stated with respect to additur are:
1. the jury's award of $1,715 for noneconomic damages is wholly inadequate as a matter of law;
2. the jury failed to follow the court's instructions with respect to fair, just and reasonable, compensation; and,
3. the jury failed to follow the court's instructions with respect to permanency and the permanent effect of the injury.
The plaintiff points out that the jury found no comparative negligence, that the treating physician gave her a 35 percent permanent partial impairment to the cervical/thoracic spine representing an impairment of 10 percent to the whole person as a result of this accident, and that the plaintiff had a life expectancy of 43.1 years. The plaintiff argues that the jury did not follow the trial court's instructions that an award of damages had to be fair, just, and reasonable.
In support of her motion for a new trial, the plaintiff argues that cross-examination of the plaintiff and summation by defense counsel were prejudicial and improper.
The defendant argues that the award falls within the uncertain limits of just damages and that the jury was entitled to assess the credibility of the witnesses and the weight to be accorded to their testimony.
For the reasons stated below, the court grants the plaintiff's motion for additur.
 DISCUSSION
CT Page 9206
The court has the obligation "accord great deference to a jury's award of damages. Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . This right is one obviously immutable limitation of the legal discretion of the court to set aside a verdict, since the constitutional right of a trial by jury includes the right to have issues of fact to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court. . . . The amount of a damage award is a matter peculiarly is within the province of the trier of fact, in this case, the jury. . . . However, it is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the evidence. . . . The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessary uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, mistake or corruption." (Citations omitted; internal quotation marks omitted.) Childs v. Gaynor, 235 Conn. 107, 112-114, 663 A.2d 398 (1995). "[I]t is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the evidence. . . ."Malmberg v. Lopez, 208 Conn. 675, 679-80, 546 A.2d 264 (1988); Gladuv. Sousa, 52 Conn. App. 796, 727 A.2d 1286 (1999).
In this case, the jury found the defendant to be at fault for the accident and attributed no comparative negligence to the plaintiff. Furthermore, the jury credited the plaintiff's testimony and the evidence concerning the medical treatment. Dr. Arnold testified that the plaintiff sustained permanent injury due to the accident and the plaintiff's chronic myofacial pain was causally related to the accident. Moreover, Dr. Arnold assigned 35 percent permanent partial disability for the plaintiff with a 42.1 year life expectancy. The defendant offered no evidence which conflicted with Dr. Arnold's testimony.
Although the jury need not believe uncontradicted testimony, it was apparent in this case that the jury's award of non-economic damages was inconsistent with its finding of the plaintiff on the issue of liability and its award of the economic damages. Under the circumstances, an award of $1,715 for a 33 year old woman with a 35 percent disability does shock the conscience. In addition, it appears that the jury misunderstood the court's instructions or that the award was the product of partiality, prejudice, mistake or corruption. In this regard, the court notes that the award of $1,715 added to the economic damages amounted to an even $5,000. CT Page 9207
"If the amount awarded shocks the sense of justice as to what is reasonable, then the inferred conclusion is that the jury was misguided in making its decision." Malmberg v. Lopez, supra, at 675.
For the above stated reasons, the court grants the plaintiff's motion and awards an additur of $15,000.
GALLAGHER, J.